BURTON v REED CITY HOSPITAL CORPORATION

Docket No. 237387. Submitted June 3, 2003, at Grand Rapids. Decided October 14, 2003, at 9:00 A.M. Leave to appeal sought.

Dale Burton brought an action in the Osceola Circuit Court against Reed City Hospital Corporation and others, seeking damages for medical malpractice. The complaint and affidavit of merit were filed on February 10, 2000, alleging that malpractice occurred on January 25, 1998. The defendants filed an answer on May 8, 2000, listing affirmative defenses and demanding a reply, but they did not file an affidavit of meritorious defense with the answer. The plaintiff filed a reply to the affirmative defenses, and on May 15, 2000, the defendants filed an affidavit of meritorious defense. The defendants moved for summary disposition, alleging that because the plaintiff had sent a notice of intent to file the claim on October 18, 1999, the plaintiff erroneously filed his complaint and affidavit of merit before the expiration of the notice period provided in MCL 600.2912b. The court, Lawrence C. Root, J., granted the motion on the basis that the complaint was filed prematurely. The plaintiff appealed from the dismissal of the action with prejudice. The plaintiff died after the proceedings in the trial court, and the personal representative of his estate, Jack Burton, was substituted as the plaintiff.

The Court of Appeals *held*:

1. MCL 600.2912b provides that a plaintiff must give written notice not less than 182 days before commencement of a medical malpractice action. The plaintiff may commence the action 154 days after giving such notice where the defendant does not file a written response to the notice within 154 days. The defendants here did not file a response before the expiration of 154 days, but Dale Burton filed the complaint before the expiration of the 154 days. Thus, the complaint was filed too early.

2. Dismissal without prejudice is the appropriate remedy for noncompliance with either the notice provisions of MCL 600.2912b or the affidavit of merit requirements of MCL 600.2912d. However, the plaintiff must still comply with the applicable statute of limitations provisions.

3. Dale Burton utilized the tolling provision of MCL 600.5856(d) to file his claim outside the two-year period of limitations for medical malpractice actions, but during a time when the period of limitations was tolled. MCL 600.5856(a) provides that the period of limitations was tolled upon the filing of the complaint and summons. The two tolling statutes operate to allow the refiling of this action. Here, the defendants did not suffer prejudice as a result of the early filing of the complaint and the affidavit of merit. The trial court erred in granting the defendants' motion for summary disposition. Dismissal without prejudice was the appropriate remedy.

Reversed.

*Charfoos & Christensen, P.C.* (by *David R. Parker*), and *Richard A. Lenter, P.C.* (by *Richard A. Lenter* and *Phyllis A. Figiel*), for the plaintiff.

*Aardema, Whitelaw & Sears-Ewald, PLLC* (by *Brian W. Whitelaw*), for the defendants.

Before: SMOLENSKI, P.J., and COOPER and FORT HOOD, JJ.

PER CURIAM. Plaintiff[1] appeals as of right from the trial court's order granting defendants' motion for summary disposition. We reverse.

On February 10, 2000, plaintiff filed a medical malpractice complaint, alleging that on January 17, 1998, he went to the emergency room of defendant hospital with complaints of abdominal pain, nausea, and vomiting. A procedure revealed the presence of an ulcer, and plaintiff was hospitalized and treated with medications until January 23, 1998. On January 25, 1998, plaintiff again went to the emergency room of defendant hospital with complaints of severe upper

---

[1] Plaintiff, Dale Burton, died following the proceedings in the trial court, and the personal representative of his estate, Jack Burton, has been substituted as plaintiff. For ease of reference, the term "plaintiff" refers to the decedent.

abdominal pain. On January 25, 1998, an exploratory laparotomy was performed. Plaintiff alleged in his complaint that his common bile duct and pancreatic duct were negligently transected during this procedure by the individually named defendants. Plaintiff alleged that he remained hospitalized until April 1998, and that corrective surgery was performed in November 1998. An affidavit of merit was filed with the complaint on February 10, 2000.

Defendants did not file an answer to the complaint in accordance with the court rules, and a stipulation to extend the time for filing an answer was not filed in the trial court. Rather, on March 7, 2000, defense counsel sent a letter to plaintiff's counsel indicating that the parties had agreed to extend the time for service of the response until April 28, 2000. The letter further indicated that the parties had agreed to extend the time for service of the affidavit of meritorious defense through May 28, 2000. The letter further provided that defense counsel "look[ed] forward to working with" plaintiff's counsel with respect to the case.

On May 1, 2000, defense counsel sent a second confirmation letter regarding an extension of time to file the response. This letter indicated that plaintiff's counsel's secretary had indicated that she had authorization to provide a brief additional extension of time to serve the response through May 4, 2000. This letter did not address the time for filing the affidavit of meritorious defense. It stated that the extension was necessary because the "only copy of the medical records" had been loaned to the individual defendants and were not received back in time to prepare the

response to the complaint before April 28, 2000, in accordance with the prior agreement.

On May 8, 2000, defendants filed an answer to the complaint with the trial court. With the answer, defendants filed a list of affirmative defenses that included:

> 5. That plaintiff's claim is barred by the applicable Statute of Limitations.

> *       *       *

> 12. That plaintiff has failed to comply with the provisions of MCLA 600.2912b and MCLA 600.2912d, *et seq*, and plaintiff's complaint must, therefore, be dismissed.

Defendants demanded a reply to their affirmative defenses. An affidavit of meritorious defense was not filed with the answer.

On May 12, 2000, plaintiff filed a reply to the affirmative defenses. The reply denied each and every allegation of the affirmative defenses because "they [were] untrue." The reply further alleged that the affirmative defenses were made "as a matter of form and [did] not specifically apply to this or any other case." On May 15, 2000, defendants filed an affidavit of meritorious defense.[2] On June 29, 2000, a pretrial status conference was held. The pretrial status conference summary provided that "Counsel stated that

---

[2] Without stipulations approved by the trial court, the outcome of this case is controlled by the party that objected to the procedural deficiencies first. See MCL 600.2912e; *Kowalski v Fiutowski*, 247 Mich App 156, 165-166; 635 NW2d 502 (2001).

the status of the pleadings is satisfactory, pending discovery."[3]

On August 24, 2000, defendants moved for summary disposition pursuant to MCR 2.116(C)(8) or (10). Defendants alleged that plaintiff failed to comply with the notice provisions of MCL 600.2912 *et seq.* It was alleged that plaintiff's counsel sent a notice of intent to file a claim on October 18, 1999. It was alleged that because of the timing of the filing of this notice, plaintiff could not file the litigation for 182 days, or 154 days if defendants failed to respond to the notice. Defendants asserted that the filing of the complaint on February 10, 2000, was defective because it was done before the end of the notice period and that the defective filing did not toll the period of limitations. Defendants also alleged that the complaint was filed after the two-year period of limitations had expired and that the affidavit of merit was not properly authenticated.

Plaintiff opposed the motion for summary disposition, alleging that the proper remedy for plaintiff's filing of the complaint before the expiration of the notice period was dismissal without prejudice. Plaintiff further alleged that the filing was not defective because the affidavit of merit had accompanied the complaint. Lastly, plaintiff asserted that defense counsel had engaged in misconduct and acted in bad faith, raising issues of waiver and estoppel. The trial court initially denied the motion for summary disposition.[4]

---

[3] At the hearing regarding defendants' motion for summary disposition, it was alleged that this was a telephone conference with the assignment clerk and did not involve representations before the trial court.

[4] At the hearing regarding the motion for summary disposition, an attorney filed a special appearance on behalf of the plaintiff in the event that

The trial court rejected defendant's challenge to the sufficiency of the affidavit of merit itself. The trial court also rejected the allegation that defendants had waived the ground on which they based the motion for summary disposition because of their expression of satisfaction with the pleadings at the pretrial conference. The trial court further held that the pleading of the affirmative defenses was insufficient to give notice of the deficiency. Therefore, the trial court denied the motion for summary disposition and ordered a stay of the case for a period to address issues regarding the premature filing of the notice.

However, following receipt of defendants' motion for reconsideration, the trial court reversed its holding and granted defendants' motion for summary disposition. Upon further review of the affirmative defenses, the trial court held that they were sufficiently pleaded to place plaintiff on notice of a problem before the expiration of the period of limitations. The trial court held:

> The court concludes that the holding in *Neal [v Oakwood Hosp Corp*, 226 Mich App 701, 705; 575 NW2d 68 (1997)] requires the Court to dismiss Plaintiff's Complaint because the Complaint was filed prematurely contrary to MCL 600.2912b. The Court finds that the Complaint must be dismissed with prejudice given that the Defendants' had placed the Plaintiff on notice of the filing error in [their] affirmative defenses and that the statute of limitation had ran before the Defendants file [sic] the Motion for Summary Disposition. Both Parties concurred that the statute of limitations ran on July 26, 2000 and the Defendants file [sic] the Motion for Summary Disposition on August 24, 2000[.]

---

testimony was presented by plaintiff's original trial counsel. No testimony was taken, and the trial court never made any finding regarding attorney misconduct.

I. STANDARD OF REVIEW

The trial court's grant or denial of summary disposition is reviewed de novo. *Stone v Michigan*, 467 Mich 288, 291; 651 NW2d 64 (2002). Issues of statutory construction present questions of law that are reviewed de novo. *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). This determination is accomplished by examining the plain language of the statute itself. *Id.* Although a statute may contain separate provisions, it should be read as a consistent whole, if possible, with effect given to each provision. *Gebhardt v O'Rourke*, 444 Mich 535, 542; 510 NW2d 900 (1994). If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). A corollary to the plain meaning rule is that the ordinary and accepted meaning should be given to the mandatory word "shall" and the permissive word "may." *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612; 321 NW2d 668 (1982). Statutory language should be reasonably construed, keeping in mind the purpose of the statute. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). If reasonable minds could differ regarding the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v Michigan Pub School Employees' Retirement Sys*, 458 Mich 326, 332; 582 NW2d 767 (1998). When construing a statute, a court must look

at the object of the statute in light of the harm it is designed to remedy and apply a reasonable construction that will best accomplish the purpose of the Legislature. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994). The legislative history of an act may be examined to ascertain the reason for the act and the meaning of its provisions. *DeVormer v DeVormer*, 240 Mich App 601, 607; 618 NW2d 39 (2000). Legislative history is valuable when it shows actions of the Legislature intended to repudiate the judicial construction of a statute or actions of the Legislature in considering various alternatives in statutory language before settling on the language actually enacted. *In re Certified Question*, 468 Mich 109, 115 n 5; 659 NW2d 597 (2003). However, legislative history is afforded little significance when it is not an official view of the legislators, and legislative history may not be utilized to create an ambiguity where one does not otherwise exist. *Id.*

## II. MCL 600.2912b

MCL 600.2912b sets forth the procedure for commencement of a medical malpractice action. In order to commence an action, the plaintiff must give written notice not less than 182 days before commencement of the action. MCL 600.2912b(1). The purpose of the notice requirement is to promote settlement before the need for formal litigation, thereby reducing the cost of medical malpractice litigation. *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 705; 575 NW2d 68 (1997). However, there is no statutory provision mandating negotiation or settlement during the notice

period.[5] Consequently, when a written response to the notice of intent is not filed within 154 days, the claimant *may* commence a medical malpractice action after the expiration of the 154 day period and before the expiration of the 182 day notice period. MCL 600.2912b(8).

In the present case, defendants did not file a written response to the notice of intent in accordance with MCL 600.2912b(7), and plaintiff was free to file a medical malpractice action after the passage of 154 days. However, plaintiff's complaint was filed before the expiration of the 154 day notice period. An affidavit of merit was submitted at the time of the filing of the complaint. Dismissal without prejudice is the appropriate remedy for noncompliance with either the notice provisions of MCL 600.2912b or the affidavit of merit requirements of MCL 600.2912d. *Gregory v Heritage Hosp*, 460 Mich 26, 47-48; 594 NW2d 455 (1999); *Neal, supra* at 715; *Morrison v Dickinson*, 217 Mich App 308, 318; 551 NW2d 449 (1996). However, the plaintiff must still comply with the applicable statute of limitations provision. *Scarsella v Pollak*, 461 Mich 547, 552; 607 NW2d 711 (2000). Thus, the question becomes whether the statute of limitations period was tolled so that plaintiff may refile the claim following dismissal without prejudice.

---

[5] A recipient of a notice of intent may indicate its intention not to settle the claim during the notice period. In that instance, the claimant may commence the litigation provided that the claim is not barred by the statute of limitations. MCL 600.2912b(9). However, there is no affirmative duty placed upon the recipient. Thus, any activity during the notice period is controlled by the recipient's action or inaction.

### III. STATUTE OF LIMITATIONS AND TOLLING

Statutes of limitations are procedural, not substantive, *Staff v Johnson*, 242 Mich App 521, 531; 619 NW2d 57 (2000), and are intended to guard against stale claims. *Herrick v Taylor*, 113 Mich App 370, 374; 317 NW2d 631 (1982). The Supreme Court has explained the rationale for imposing statutes of limitations:

> Statutes of limitation are procedural devices intended to promote judicial economy and the rights of defendants. For instance, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence. They also prevent plaintiffs from sleeping on their rights; a plaintiff who delays bringing an action profits over an unsuspecting defendant who must prepare a defense long after the event from which the action arose. [*Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995).]

"Statutes of limitations should be fairly construed so as to advance the policy they intended to promote and should not be defeated by an overstrict construction." *Herrick, supra* at 374. A tolling provision may protect against the harshness of the statute of limitations in situations where there have been procedural deficiencies:

> Tolling occurs in situations where the extension of time will not disadvantage the defendant as a result of his unawareness of the need to preserve evidence and prepare a defense. Thus, the tolling statute takes away any harshness that might occur if the plaintiff, in good faith, commenced a suit without having the merits adjudicated and later learned that because of that mistake the statute had run. At the same time, it protects the defendant from the very evils that the statute of limitations is intended to do

away with. [*Mair v Consumers Power Co*, 419 Mich 74, 83; 348 NW2d 256 (1984).]

### IV. ANALYSIS

## MCL 600.2912b provides, in relevant part:

(1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

\* \* \*

(8) If the claimant does not receive the written response required under subsection (7) within the required 154-day time period, the claimant may commence an action alleging medical malpractice upon the expiration of the 154-day period.

## MCL 600.5856 provides:

The statutes of limitations or repose are tolled:

(a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.

(b) At the time jurisdiction over the defendant is otherwise acquired.

(c) At the time the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service, but in this case the statute is not tolled longer than 90 days after the copy of the summons and complaint is received by the officer.

(d) If, during the applicable notice period under section 2912b [MCL 600.2912b], a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.

In the present case, the notice of intent was dated October 18, 1999. The alleged malpractice occurred on January 25, 1998, and plaintiff's complaint was filed on February 10, 2000. The statute of limitations period for medical malpractice actions is two years. MCL 600.5805(6). Therefore, plaintiff utilized the tolling provision of MCL 600.5856(d)[6] to file his claim of medical malpractice outside the two-year statutory period, but during a time when the period of limitations was tolled.[7] Furthermore, MCL 600.5856(a) provides that the period of limitations is tolled upon the filing of the complaint and summons. The two tolling statutes operate to allow the refiling of this litigation.

Although the facts of this case do not mirror the facts in *Scarsella,* a comparative discussion is warranted. In *Scarsella, supra,* the plaintiff completely failed to file an affidavit of merit with his complaint before the expiration of the period of limitations. The Supreme Court concluded, by adoption of the opinion of the Court of Appeals, that the mere tendering of a complaint without the required affidavit of merit was insufficient to commence a medical malpractice lawsuit. *Scarsella, supra* at 549. Thus, the filing of a medical malpractice action without the required affidavit of merit was also insufficient to toll the period of limitations. *Id.* at 550. The Supreme Court then ad-

---

[6] Indeed, at the trial level, the parties agreed that if MCL 600.5856(d) was applicable, the period of limitations extended to July 26, 2000.

[7] We note that this case is distinguishable from *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 67; 642 NW2d 663 (2002), which rejected finding an affirmative duty on defendants to object to the failure to comply with the requirements of MCL 600.2912b(4). Additionally, MCL 600.2912b(4) contains substantive requirements that *shall* be included in the notice. MCL 600.2912b(7) is merely a *permissive* procedural provision. See *Browder, supra.*

dressed the application of MCL 600.5856(a) to the factual situation:

> That brings us to our second point of clarification. MCL 600.5856(a); MSA 27A.5856(a) provides that a period of limitation is tolled "[a]t the time the complaint is filed and a copy of the summons and complaint are served on the defendant." In the present case, the plaintiff did file and serve a complaint within the limitation period. The issue thus arises whether that filing and service tolled the limitation period, so that it still had not expired when the affidavit was filed the following spring.
>
> As explained by the Court of Appeals in the opinion we are adopting today, such an interpretation would undo the Legislature's clear statement that an affidavit of merit "shall" be filed with the complaint. MCL 600.2912d(1); MSA 27A.2912(4)(1). And the Court of Appeals also correctly noted *Solowy v Oakwood Hosp Corp* [454 Mich 214, 228-229; 561 NW2d 843 (1997)], where we counseled persons who cannot provide the required affidavit to obtain an extension under MCL 600.2912d(2); MSA 27A.2912(4)(2).
>
> Today, we address only the situation in which a medical malpractice plaintiff wholly omits to file the affidavit required by MCL 600.2912d(1); MSA 27A.2912(4)(1). In such an instance, the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation. [*Scarsella, supra* at 552-553.]

Thus, MCL 600.5856(a) provides that the period of limitations is tolled upon the filing of the complaint in conjunction with the service of the summons and complaint on the defendant. However, when applied to medical malpractice cases, the mere filing of the summons and complaint is ineffective. A plaintiff cannot merely rely on the filing of the complaint and seek to have an affidavit relate back to the time of the filing of the complaint. *Scarsella, supra* at 550. Accordingly, in *Scarsella*, the omission of the filing of

the affidavit of merit at the time of filing the complaint, and the subsequent filing of the affidavit of merit the following spring, did not operate to toll the period of limitations. However, in the present case, the filing of the complaint was accompanied by the affidavit of merit. Thus, the filing was effective for purposes of tolling the limitations period because the affidavit of merit was filed with the complaint. There is no logical reason to extend *Scarsella* to the facts of this case. The essential component to allow tolling is the filing of the affidavit of merit with the complaint, and that occurred in this case.

This case presents the situation where defendants seek to utilize the statute of limitations and prevent tolling as a sword, as opposed to a shield from the perils of stale claims. However, the statute of limitations was designed to protect against the filing of stale claims. Plaintiff did not file his lawsuit before the expiration of the period of limitations because of the applicable notice period. Although the notice period was designed to set forth a negotiation period during which claims could be resolved before the filing of a complaint, defendants did not identify any prejudice or loss of negotiation opportunities as a result of the early filing of the complaint and affidavit of merit. Tolling is permissible where the extension of time will not disadvantage the defendant as a result of his unawareness of the need to preserve evidence when the plaintiff, acting in good faith, learns of a mistake that has caused the period of limitations to run. *Mair, supra.* In this case, defendants did not suffer prejudice as a result of the receipt of the early filing of the complaint and affidavit of merit. Defendants were on notice to preserve evidence because of

the receipt of the notice within the two-year period of limitations.

Application of the rationale underlying the situation presented in *VandenBerg v VandenBerg*, 231 Mich App 497, 498; 586 NW2d 570 (1998), is appropriate. In *VandenBerg*, the plaintiff failed to file the affidavit of merit with the complaint. However, the defendants, when served with the summons and complaint, were provided a copy of the affidavit of merit. This Court rejected the contention that the harsh remedy of dismissal was necessary:

> Plaintiff also argues dismissal was an inappropriate sanction in this case. We agree. This Court has recognized that dismissal of a claim is a drastic sanction that should be taken cautiously. See *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Before imposing dismissal as a sanction, the trial court must carefully evaluate all available options on the record and conclude that dismissal is just and proper. *Id.*; *Hanks v SLB Management, Inc*, 188 Mich App 656, 658; 471 NW2d 621 (1991). It appears from the record the trial court erroneously believed the statute required dismissal for plaintiff's late filing of the affidavit of merit. Therefore, the trial court did not consider any other sanction for plaintiff's noncompliance with the statute.
>
> Moreover, under the circumstances of this case, dismissal was not warranted. The parties agree the purpose of § 2912d is to deter frivolous medical malpractice claims. Plaintiff contends the purpose of the statute was fulfilled in this case because defendants were served with the affidavit of merit at the same time they were served with the complaint. However, defendants argue the statute was intended to prevent the filing of frivolous actions, and if suits are filed without the required affidavit of merit the purpose of § 2912d would be defeated. We agree with plaintiff. The purpose of the statute was served in this case when defendants received service of the affidavit of merit along with the

> complaint. Defendants did not suffer any prejudice here where they had access to the affidavit of merit from the moment they received the complaint. Accordingly, the trial court should not have imposed the harsh sanction of dismissal in this case. [*Id.* at 502-503.]

In the present case, plaintiff filed the affidavit of merit with the complaint, albeit early. Thus, dismissal without prejudice was the appropriate remedy, *Neal, supra,* and the tolling provisions of MCL 600.5856 permit the refiling of the complaint within the statutory period. Accordingly, the trial court erred in granting defendants' motion for summary disposition.

Reversed.