Kelly, J.
{dissenting). I would affirm the decision of the Court of Appeals. Defendants negotiated with plaintiff for extensions of the time in which to file their answer. They failed to obtain approval of any extension from the trial court. Moreover, they failed to file their affidavit of meritorious defense in conformance with the mandatory requirements for medical malpractice actions.
I would hold that a party who requests a late answer and expresses no objection to the pleadings cannot challenge an early complaint. Defendants implicitly waived their statute of limitations defense predicated on the timing of plaintiffs complaint.
*757 Moreover, under the Court’s interpretation of the statutes governing medical malpractice actions, defendants’ failure to conform to the mandatory pleading requirements should have rendered their answer a nullity. Accordingly, the statute of limitations defense should be deemed forfeited.
Plaintiffs complaint, which was filed before the end of the statutory waiting period for medical malpractice claims, was timely in all other respects. I agree with the Court of Appeals that the trial court’s dismissal with prejudice was an unjust remedy in light of defendants’ conduct.
I. STANDARD OF REVIEW
When presented with a motion for summary disposition under MCR 2.116(C)(7), the court considers the pleadings, affidavits, and other documentary evidence. MCR 2.116(G). In this case, the facts needed to review defendants’ motion for summary disposition are not in dispute.
This case involves an issue of statutory construction. We review it de novo. Cardinal Mooney High School v Michigan High School Athletic Ass’n, 437 Mich 75, 80; 467 NW2d 21 (1991). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. In re MCI Telecom Complaint, 460 Mich 396, 411; 596 NW2d 164 (1999). The provisions of a statute must be read in the context of the entire statute in the interest of producing an harmonious whole. Macomb Co Prosecutor v Murphy, 464 Mich 149, 159; 627 NW2d 247 (2001).
II. BACKGROUND
On January 25, 1998, the defendant doctors at the defendant hospital performed exploratory surgery on *758 plaintiff.[1] Plaintiff has alleged that, during the surgery, they committed malpractice by negligently cutting his common bile and pancreatic ducts.
In order to file a complaint for this malpractice, a Michigan statute required plaintiff to serve defendants with a notice of intent to sue. MCL 600.2912b. Plaintiff served this notice on October 18, 1999, well within the two-year statutory period of limitations for medical malpractice actions.[2] MCL 600.5805(6). Defendants did not respond. Plaintiffs counsel filed the complaint and affidavit of merit on February 10, 2000. Plaintiffs counsel asserted that 154 days had elapsed since he filed the notice and that, since defendants had not responded, he believed that he was entitled to file the complaint early. MCL 600.2912b(8). In fact, defendants’ failure to respond did not entitle plaintiff to file his complaint until March 20, 2000.
Rather than comment on the premature filing, defendants told plaintiff that they intended to file an answer and received two extensions from him. On March 7, 2000, defendants obtained from plaintiff an extension of the time in which to answer. On the date that extension expired, defendants obtained another extension through May 4, 2000. They told plaintiff that they “looked forward to working with” him and “appreciate^ plaintiffs] continued cooperation.”
When ultimately defendants filed their answer on May 8, 2000, it was not timely under either the statutory pleading rules for medical malpractice claims or *759 the court rules.[3] See MCL 600.2912e(l) and MCR 2.108(A)(1). It lacked supporting facts, as required by the Michigan court rules. MCR 2.111(F). Moreover, it lacked the requisite affidavit of meritorious defense, as required by statute. MCL 600.2912e. This affidavit was not filed until May 15, 2000, four days after the mandatory ninety-one-day deadline expired. MCL 600.2912e(l).
Defendants’ answer included a statute of limitations defense. However, it did not indicate the basis for defendants’ assertion of the defense. On the date the answer was filed, the limitations period had not yet run. The defense was not yet viable and appeared to have been included in the answer as boilerplate. Plaintiff denied that the defense was applicable.
At a pretrial conference on June 29, 2000, defendants expressed satisfaction with the pleadings. Then, on August 24, 2000, defendants brought a motion to dismiss the claim under MCR 2.116(C)(8) or (C)(10), asserting that plaintiff had not complied with the timing provisions of MCL 600.2912b and MCL 600.2912d. Plaintiff challenged defendants’ motion on several grounds. Among the reasons was that defendants’ conduct had waived the statute of limitations defense.
The trial court granted the motion. It held that the statute of limitations defense in defendants’ answer had placed plaintiff on notice of a problem with his pleadings before the expiration of the period of limitations.
The Court of Appeals reversed the grant of summary disposition. It opined that the statutory period, of limi *760 tations had not elapsed, because plaintiffs prematurely filed complaint and affidavit had tolled the period of limitations. Burton v Reed City Hosp Corp, 259 Mich App 74; 673 NW2d 135 (2003). Tolling should be found to have occurred, it reasoned, because defendants had not been prejudiced and because summary disposition with prejudice was an unnecessarily harsh remedy.
III. ANALYSIS
A. DEFENDANTS WAIVED THE STATUTE OF LIMITATIONS DEFENSE
In the trial court, plaintiff argued that the affirmative defense of the statute of limitations had been waived. I agree. “ ‘[Wjaiver is the “intentional relinquishment or abandonment of a known right.” ’ ” People v Carines, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999), quoting United States v Olano, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993). It is an equitable doctrine applied judicially to avoid injustice. Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 76 n 9; 642 NW2d 663 (2002) (Kelly, J., dissenting).
Waiver may be implied by conduct inconsistent with the intent to assert the right. 28 Am Jur 2d, Estoppel and Waiver, § 209, pp 612-613. The party waiving the right must have actual or constructive knowledge of facts that would create the right. Id., § 202, pp 607-608.
Here, defendants did not respond to plaintiffs notice of intent to sue. Defendants contacted plaintiff only after receiving his complaint. Defendants requested two extensions of the time in which to file their answer. They reserved no rights or defenses.
Defendants’ answer raised the affirmative defense of the statute of limitations at a time when it was not viable. Plaintiff denied that the defense was applicable. *761 At a pretrial conference, defendants expressed satisfaction with the pleadings.
Defendants knew that the notice period had not elapsed. They also knew that plaintiffs complaint was subject to a statute of limitations. Yet they made no mention that the complaint had been filed prematurely. They did not then assert, and have not yet asserted, any prejudice from receiving plaintiffs complaint before the full notice period had elapsed.
Defendants induced plaintiff to believe that they had no objection to the timing of his complaint. Defendants, who asked twice to file a late answer, cannot equitably harbor a challenge to plaintiffs early complaint.[4] Plaintiffs claim should not be subject to dismissal, with prejudice or otherwise. I would hold that defendants’ actions implied a knowing waiver of any affirmative defense that is based on the premature filing of plaintiffs complaint.
B. UNDER THE MAJORITY’S JURISPRUDENCE, DEPENDANTS FORFEITED THE STATUTE OF LIMITATIONS DEFENSE
This Court has held that, in medical malpractice cases, pleading requirements must be strictly followed. For instance, an affidavit of merit “shall” accompany the complaint,[5] unless the plaintiff obtains an extension from the trial court pursuant to MCL 600.2912d(2).
In Scarsella v Pollak,[6] this Court considered MCL 600.2912d(l). There, the plaintiff failed to include an affidavit of merit with his complaint and neglected to *762 obtain an extension. The statutory period of limitations had expired before the plaintiff filed the affidavit. The Court held that, because the plaintiff failed to comply with the mandatory requirement, he failed to commence the action. Thus, the filing of the complaint “ ‘was a nullity’ ” and did not toll the period of limitations. Scarsella, supra at 549 (citation omitted). This interpretation, it concluded, was necessary to effectuate “the Legislature’s clear statement that an affidavit of merit ‘shall’ be filed with the complaint. MCL 600.2912d(l).” Id. at 552.
Similarly, this Court has held that “a plaintiff cannot file suit without giving the notice required by [MCL 600.2912b (1)].” Omelenchuk v City of Warren, 461 Mich 567, 572; 609 NW2d 177 (2000), overruled in part on other grounds Waltz v Wyse, 469 Mich 642, 655; 677 NW2d 813 (2004). The failure to file a notice precludes the filing of a valid complaint. By contrast, defendants “must file an affidavit as provided in. . . [MCL] 600.2912e ....” MCR 2.112(L). The Legislature has mandated that medical malpractice defendants promptly respond to complaints with an affidavit of meritorious defense. Unlike plaintiffs, defendants may not obtain “an additional 28 days in which to file the affidavit required. ...” See MCL 600.2912d(2) and MCL 600.2912e. The fact that, in this case, the parties had agreed to extend the time in which to answer is of no moment. The parties may not rewrite statutes by extrajudicial agreement. See Harvey v Harvey, 470 Mich 186, 193-194; 680 NW2d 835 (2004).
Defendants’ answer and affidavit of meritorious defense failed to conform to the pleading requirements. Therefore, the trial court could have concluded, following the reasoning in Scarsella and Omelenchuk, that the answer was deficient. On motion by plaintiff or at the court’s own initiative, defendants’ nonconforming *763 answer could then have been stricken. MCR 2.115(B). If this had occurred, plaintiff would have been entitled to judgment by default. MCR 2.603(A)(1). See Kowalski v Fiutowski, 247 Mich App 156; 635 NW2d 502 (2001).
However, plaintiff did not move to strike defendants’ answer or for a default judgment. Nevertheless, the court rules require that a statute of limitations defense be asserted in the first responsive pleading, or it is forfeited. MCR 2.116(D)(2). Forfeiture is the failure to timely assert a known right. Quality Products & Concepts Co v Nagel Precision, Inc, 469 Mich 362, 379; 666 NW2d 251 (2003).
If the reasoning of Scarsella were consistently applied to MCL 600.2912e(l) as it was to MCL 600.2912d(2), defendants’ answer would be deemed a nullity because defendants failed to satisfy the mandatory statutory requirements. Thus, even assuming that the statute of limitations defense was a viable affirmative defense at the time it was raised, the defense would be deemed forfeited.
This holding would effectuate “the Legislature’s clear statement”[7] that without exception, after the plaintiff has filed a complaint and the requisite affidavit of merit, an answer shall be filed “within 21 days.” In addition, an affidavit of meritorious defense shall be filed within “91 days.” MCL 600.2912e(l). Here, defendants did neither. Their statute of limitations defense should be deemed forfeited.
C. DISMISSING PLAINTIFF’S CLAIM WITH PREJUDICE UNDERMINES THE INTENT OF THE LEGISLATURE
The notice provision for medical malpractice suits requires a plaintiff to provide a sound basis for his *764 claim. MCL 600.2912b(4).[8] The Legislature enacted these requirements to discourage frivolous lawsuits and allow only meritorious claims to proceed.
The Legislature also imposed a presuit requirement on defendants accused of medical malpractice. Defendants must provide the basis for their defense to the alleged malpractice. MCL 600.2912b(7).[9]
*765 When these subsections of § 2912b are read together it is apparent that the notice requirements were imposed also to facilitate settlement. They provide the parties with a mandatory period in which to investigate a pending claim and negotiate a settlement before suit is filed. See Roberts v Mecosta Co Gen Hosp (After Remand), 470 Mich 679, 707; 684 NW2d 711 (2004) (Kelly, J., dissenting). If the defendant fails to respond to the notice of intent, indicating he does not wish to settle the case, the plaintiff is excused from the 182-day requirement. The plaintiff may file suit after 154 days. MCL 600.2912b(8).
In this case, defendants did not take advantage of the statutory notice period. They did not attempt to negotiate a settlement. In fact, they did not respond to plaintiffs notice at all. Plaintiff was thus entitled to file his complaint after 154 days. However, he erroneously filed his complaint and affidavit of merit after 115 days.
Defendants continued to violate the procedural rules. They did not timely file their answer. MCR 2.108(A)(1). Rather, they obtained two extensions from plaintiff. They asserted that they had difficulty obtaining the relevant records from each other and needed more time to prepare their answer. They did not seek an extension from the trial court as the court rules allow. MCR 2.108(E). Defendants also failed to timely file their mandatory affidavit of meritorious defense. MCL 600.2912e. When defendants ultimately answered, they included a statute of limitations defense.
*766 As the Court of Appeals noted:
“Statutes of limitation are procedural devices intended to promote judicial economy and the rights of defendants. For instance, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence. They also prevent plaintiffs from sleeping on their rights; a plaintiff who delays bringing an action profits over an unsuspecting defendant who must prepare a defense long after the event from which the action arose.” [Burton, supra at 83, quoting Stephens v Dixon, 449 Mich 531, 534; 536 NW2d 755 (1995).]
Defendants asserted the statute of limitations defense after inducing plaintiff to believe that they had no quarrel with the timing of his complaint. Defendants themselves failed to comply with procedural requirements. Allowing defendants to prevail here frustrates the purposes of the requirements, does nothing to deter stale claims, and does not discourage frivolous litigation. Rather, it precludes valid suits from proceeding on their merits, encourages trial by ambush, and discourages cooperation between the parties.[10] It unjustly penalizes the innocent injured and allows negligent tortfeasors to avoid responsibility for their actions through gamesmanship.[11]
Although, pursuant to MCL 600.2912b(l), plaintiff should not have been allowed to commence his suit, *767 defendants are not entitled to summary disposition. Given that defendants’ conduct constitutes waiver of the statute of limitations defense, dismissal of the complaint is contrary to the Legislature’s intent and the goals of the relevant court rules.
IV CONCLUSION
I disagree that defendants who have slept on their rights as in this case are entitled to raise the affirmative defense of the statute of limitations. I would hold that the defendants here waived and then forfeited the defense.
To hold that plaintiffs complaint does not toll the period of hmitations undermines the intent of the Legislature. It does not promote resolution of meritorious claims. It does not discourage frivolous claims. It encourages gamesmanship.
The Court of Appeals properly reversed the trial court’s grant of summary disposition for defendants. I would reinstate plaintiffs claim and remand the case for trial on the merits.
CAVANAGH, J., concurred with KELLY, J.

 Plaintiff, Dale Burton, died following the proceedings in the trial court. The personal representative of his estate, Jack Burton, was substituted as plaintiff. For ease of reference, the term “plaintiff” refers to the decedent.

 This tolled the running of the hmitations period. MCL 600.5856(d).

 It was also after the expiration of the second extension granted by plaintiff.

 The majority contends that plaintiff is not entitled to pursue his claim because “a party that stipulates [to] an extension of the time permitted for a filing may not be heard to complain that the filing, when submitted within that extended period, is untimely.” Ante at 756. However, plaintiff is not claiming that defendants’ answer was untimely.

 MCL 600.2912d(1).

 461 Mich 547, 553; 607 NW2d 711 (2000).

 Scarsella, supra at 552.

 The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:
(a) The factual basis for the claim.
(b) The applicable standard of practice or care alleged by the claimant.
(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.
(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.
(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.
(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

 Within 154 days after receipt of notice under this section, the health professional or health facility against whom the claim is made shall furnish to the claimant or his or her authorized representative a written response that contains a statement of each of the following:
(a) The factual basis for the defense to the claim.
(b) The standard of practice or care that the health professional or health facility claims to be applicable to the action and that the health professional or health facility complied with that standard.
(c) The manner in which it is claimed by the health professional or health facility that there was compliance with the applicable standard of practice or care.
*765 (d) The manner in which the health professional or health facility contends that the alleged negligence of the health professional or health facility was not the proximate cause of the claimant’s alleged injury or alleged damage.

 Under the reasoning of today’s decision, any deviation from a mandatory statutory deadline risks summary disposition. Parties may now be required to object to any requested accommodation. This is likely to diminish the frequency of settlement. In the future, cooperation like that by plaintiffs counsel may even constitute legal malpractice if it voids an otherwise valid claim or defense.

 Indeed, defendants could not, after two extensions, timely file an affidavit of meritorious defense. Despite the misfeasance of defendants, the majority has chosen to selectively apply the statute in lieu of invoking equitable doctrines that ensure justice and fair play.