# STATE OF MICHIGAN

# COURT OF APPEALS

OLIVER HAYES, JR.,

        Plaintiff-Appellant,

and

ELEANOR HAYES,

        Plaintiff,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellee.

UNPUBLISHED
February 13, 2018

No. 336206
Court of Claims
LC No. 16-000250-MZ

OLIVER HAYES, JR.,

        Plaintiff,

and

ELEANOR HAYES,

        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellee.

No. 336437
Court of Claims
LC No. 16-000250-MZ

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

-1-

In these consolidated appeals, plaintiffs, Oliver Hayes, Jr. and Eleanor Hayes, filed suit in the Court of Claims seeking equitable relief relating to a jeopardy assessment issued by defendant, Department of Treasury, against Oliver in 1990.[1] The Court of Claims dismissed the Hayeses' complaint for lack of subject-matter jurisdiction, and they appeal by right. Because there are no errors warranting relief, we affirm.

## I. BASIC FACTS

This case arises out of a jeopardy tax assessment issued over 25 years ago. On April 19, 1990, in connection with an investigation into illegal gambling, the Muskegon County Sheriff's Department (Sheriff's Department) executed search warrants at two residences owned by Oliver. Many items were seized during the searches, including business activity records related to gambling, computers, computer printouts and software, telephones and telephone taps, betting slips, personal financial records, cash, and jewelry. Oliver was later convicted of tax evasion and conspiracy to violate gambling laws.

On April 24, 1990, the Department of Treasury issued a jeopardy assessment against Oliver. On the same day, a warrant and notice of levy regarding Oliver's property was issued against the Sheriff's Department. The Hayeses hired a lawyer to appeal the assessment and levy. However, they admitted that their lawyer failed to file an appeal with the Michigan Tax Tribunal (MTT) or the Court of Claims in accordance with MCL 205.22(1), and instead brought actions in district court and circuit court. In circuit court, the Hayeses brought suit against the Department of Treasury, seeking the return of the seized property on the grounds that the search and seizure were unconstitutional. In November 1991, the court upheld the constitutionality of the search warrant and subsequent search. Pursuant to stipulation of the parties, the court entered an order referring the matter to the MTT. However, the Hayeses waited over 21 months to file an appeal in the MTT. Subsequently, in April 1994, the MTT ruled that it lacked the power to review the untimely appeal of the jeopardy assessment.

In June 1994, the Hayeses filed an action in circuit court against the Sheriff's Department seeking return of certain items seized in execution of the search warrant. According to the Hayeses, shortly thereafter a second levy was issued against the Sheriff's Department. When the circuit court resolved the case in April 1995, it found that "pursuant to tax lien" the Department of Treasury had seized the jewelry sought by the Hayeses. The court reasoned that, with regard to those items, the Hayeses had to pursue their remedies against the Department of Treasury. The court also ruled that most of the other items sought by the Hayeses had been obtained by the Sheriff's Department in a forfeiture action.

In May 1995, the Hayeses filed an action against the Department of Treasury in the Court of Claims, seeking damages for property seized in excess of the assessment and for property seized that jointly belonged to Eleanor. The Court of Claims ruled that it lacked subject-matter

---

[1] For ease of reference we will refer to plaintiffs collectively as "the Hayeses" and individually as "Oliver" and "Eleanor."

jurisdiction over the Hayeses' claims because they had failed to file a timely appeal from the jeopardy assessment.

In November 2011, Eleanor apparently contacted the Department of Treasury seeking relief with respect to the assessment and seized property. In an April 2012 letter, the Department of Treasury informed Eleanor that those matters were now closed. Eleanor then petitioned for review of that decision in circuit court. However, in November 2012, the court ruled that the letter was not an appealable decision.

The instant action was brought in October 2016. The Hayeses primarily sought restitution from the Department of Treasury on the grounds of unjust enrichment. In their complaint, the Hayeses set forth numerous alleged improprieties relating to the search and seizure, the criminal proceedings against Oliver, the jeopardy assessment and levies, and the civil actions. For instance, the Hayeses alleged that Oliver's jeopardy assessment was fraudulently calculated. With respect to Eleanor, they alleged that her property was wrongfully seized to satisfy her husband's tax liability and that she was denied notice and a hearing to contest the ownership of the property. The underlying cause of action was titled "Conspiracy and Misconduct in Office."

After the Department of Treasury filed an answer to the complaint, the Court of Claims ordered supplemental briefing on whether the Court of Claims had jurisdiction. In its brief, the Department of Treasury argued that because the Hayeses failed to timely appeal the jeopardy assessment and levy, those matters were not reviewable and could not be collaterally attacked. In response, Oliver argued that the court had jurisdiction to award equitable relief. He also argued that the Department of Treasury was required by MCL 205.26 to promulgate rules governing jeopardy assessments and failed to do so. After receiving the briefs, the Court of Claims dismissed the Hayeses' action for lack of subject-matter jurisdiction. The court reasoned "that regardless of how they have now chosen to plead their claim, Plaintiffs, once again, are attempting to challenge the validity of the jeopardy assessment issued in 1990." The court noted that the Hayeses failed to file an appeal of the assessment within 90 days as required by MCL 205.22(1). The court also concluded that the Department of Treasury was not statutorily required to implement rules governing appeals from jeopardy assessments. Thereafter, Eleanor filed a motion for reconsideration, arguing that MCL 205.22 was not applicable to her because she was not assessed any tax liability. The court denied the motion.

## II. SUBJECT-MATTER JURISDICTION

### A. STANDARD OF REVIEW

The Hayeses argue that the Court of Claims erred by dismissing their claims for lack of subject matter jurisdiction. "Whether a court has subject-matter jurisdiction is a question of law reviewed de novo." *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013).

### B. ANALYSIS

"Subject-matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of a case." *Harris v*

*Vernier*, 242 Mich App 306, 319; 617 NW2d 764 (2000). The Michigan Constitution and Legislature define the class of cases over which courts have subject-matter jurisdiction. *Id.* "If it is apparent from the allegations that the matter alleged is within the class of cases with regard to which the court has the power to act, then subject-matter jurisdiction exists." *Wilhelm v Mustafa*, 243 Mich App 478, 482; 624 NW2d 435 (2000). Subject-matter jurisdiction cannot be conferred by consent, conduct, waiver, or estoppel. *In re AMB*, 248 Mich App 144, 166; 640 NW2d 262 (2001). If a court determines that it lacks jurisdiction, it "should not proceed further except to dismiss the action." *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 544; 656 NW2d 215 (2002).

"The Department of Treasury's authority to issue jeopardy assessments and warrants appears within MCL 205.26" of the Revenue Act, MCL 205.1 *et seq*. *Hojeije v Dep't of Treasury*, 263 Mich App 295, 298 n 2; 688 NW2d 512 (2004). Under certain circumstances where collection of a tax is doubtful, the state treasurer or its designated representative may issue a jeopardy assessment, making the tax "immediately due and payable." MCL 205.26. In addition, MCL 205.26 allows for seizure of the taxpayer's property to satisfy the debt. Generally, MCL 205.25 governs the Department of Treasury's ability "to levy [property] to recover money owed by a debtor." *Whispering Pines AFC, Home, Inc v Dep't of Treasury*, 212 Mich App 545, 552; 538 NW2d 452 (1995). Specifically, MCL 205.25 "requires a person in possession of, or obligated with respect to, property or property rights upon which a tax levy has been made to surrender the property upon demand." *In re Forfeiture of $126,174*, 191 Mich App 453, 456; 479 NW2d 8 (1991).

The Hayeses primarily argue that the Court of Claims erred by ruling that it lacked subject-matter jurisdiction over their claims. Appeals from the Department of Treasury's actions are governed by MCL 205.22, which provides in pertinent part as follows:

> (1) A taxpayer aggrieved by an assessment, decision, or order of the department may appeal the contested portion of the assessment, decision, or order to the tax tribunal within 60 days, or to the court of claims within 90 days after the assessment, decision, or order. . . .

> \* \* \*

> (4) The assessment, decision, or order of the department, if not appealed in accordance with this section, is final and is not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack.

> (5) An assessment is final, conclusive, and not subject to further challenge after 90 days after the issuance of the assessment, decision, or order of the department, and a person is not entitled to a refund of any tax, interest, or penalty

-4-

paid pursuant to an assessment unless the aggrieved person has appealed the assessment in the manner provided by this section.[2]

The timing requirements found in MCL 205.22(1) are jurisdictional in nature. See *Trostel, Ltd v Dep't of Treasury*, 269 Mich App 433, 440-442; 713 NW2d 279 (2006).

The Hayeses do not dispute that they failed to timely appeal the jeopardy assessment and levies.[3] Rather, they maintain that the Court of Claims had jurisdiction to award equitable relief under MCL 600.6419(1). However, "[t]he determination whether the Court of Claims possesses jurisdiction is governed by the actual nature of the claim, not how the parties phrase the request for relief or the characterization of the nature of the relief." *AFSCME Council 25 v State Employees' Retirement Sys*, 294 Mich App 1, 6; 818 NW2d 337 (2011). The Court of Claims was cognizant of that principle and determined that the Hayeses again "attempting to challenge the validity of the jeopardy assessment issued in 1990." We see no error in that determination. The Hayeses maintained that the assessment was fraudulently calculated and that the Department of Treasury wrongfully seized property owned by Eleanor pursuant to the levies. They also raised due process questions regarding the administrative procedure, or lack thereof, for contesting jeopardy assessments and levies. They also asserted that the Department of Treasury's failure to promulgate administrative rules regarding MCL 205.26 renders all jeopardy assessments void. In sum, regardless of the type of relief they sought, the Hayeses' action is fairly characterized as a collateral attack[4] on the jeopardy assessment and levies and is thus precluded by MCL 205.22(4).

Because the Court of Claims did not err in ruling that it lacked subject-matter jurisdiction over the Hayeses complaint, the other arguments presented in their respective briefs are moot questions that we will not address. See *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).[5]

---

[2] Substantially similar provisions were found in MCL 205.22 at the time the jeopardy assessment was issued. See 1986 PA 58.

[3] They also do not expressly dispute the Court of Claims implicit ruling that levies are appealable under MCL 205.22. Because it is the Hayeses' burden to show error on appeal, *Menard, Inc v City of Escanaba*, 315 Mich App 512, 521 n 3; 891 NW2d 1 (2016), we will assume without deciding that levies are subject to MCL 205.22.

[4] In judicial proceedings, "[a]n impermissible 'collateral attack occurs whenever challenge is made to judgment in any manner other than through a direct appeal.' " *People v Iannucci*, 314 Mich App 542, 544-545; 887 NW2d 817 (2016), quoting *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995).

[5] Moreover, even if MCL 205.22 did not bar the Hayeses' claims, their action is still untimely under MCL 600.6452(1), which provides that "[e]very claim against the state, cognizable by the court of claims, shall be forever barred unless the claim is filed with the clerk of the court or suit instituted thereon in federal court as authorized in section 6440, within 3 years after the claim first accrues."

Affirmed.  The Department of Treasury, as the prevailing party, may tax costs.  MCR 7.219(A).

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Thomas C. Cameron