WILHELM v MUSTAFA

Docket No. 213932. Submitted September 14, 2000, at Detroit. Decided December 8, 2000, at 9:05 A.M.

Anne Wilhelm, as personal representative of the estate of Margaret Kukla, brought an action in the Wayne Circuit Court against Tarif H. Mustafa, M.D., alleging that medical malpractice by the defendant caused Kukla's death. The court, John R. Kirwan, J., entered judgment on a jury verdict of no cause of action. The plaintiff appealed, claiming that the trial court erred in denying her motions to strike the defendant's answer, for a default in her favor, for a directed verdict, and for judgment notwithstanding the verdict or a new trial, all of which motions were based on the defendant's failure to timely file an affidavit of meritorious defense, as required by MCL 600.2912e; MSA 27A.2912(5).

The Court of Appeals held:

1. The defendant's failure to timely file an affidavit of meritorious defense did not divest the trial court of subject-matter jurisdiction over the plaintiff's action. A court either has jurisdiction over the subject matter or it does not. Here, it is apparent from the allegations in the plaintiff's complaint that the matter alleged, i.e., negligence, is within the class of cases over which the circuit court is empowered to act.

2. Section 2912e does not mandate that a default be entered whenever a medical malpractice defendant fails to timely file an affidavit of meritorious defense. Rather, such severe sanction may be imposed at the trial court's discretion. Here, the trial court did not abuse its discretion in refusing to enter a default against the defendant or otherwise preclude him from presenting a defense. The plaintiff waived the issue of the defendant's failure to timely file an affidavit of meritorious defense by not mentioning the defendant's omission during the approximately two years of pretrial discovery and by not raising the procedural issue in the pretrial order as required by the trial court. Furthermore, the defendant would have been severely prejudiced had the trial court precluded him from presenting a defense.

Affirmed.

NEGLIGENCE — MEDICAL MALPRACTICE — AFFIDAVITS OF MERITORIOUS DEFENSE — DEFAULT.

The entry of a default against a medical malpractice defendant is a discretionary, not a mandatory, sanction for the defendant's failure to timely file the affidavit of meritorious defense required by statute (MCL 600.2912e; MSA 27A.2912[5]).

*Larry A. Smith*, for the plaintiff.

*Kerr, Russell and Weber, PLC* (by *Stephen D. McGraw* and *Joanne Geha Swanson*), for the defendant.

Before: COLLINS, P.J., and JANSEN and ZAHRA, JJ.

COLLINS, P.J. In this medical malpractice action, plaintiff Anne Wilhelm appeals as of right from the jury's verdict of no cause of action. Plaintiff challenges the trial court's denial of her motions seeking sanctions against defendant for his failure to timely file the affidavit of meritorious defense required under MCL 600.2912e; MSA 27A.2912(5). We affirm.

On March 19, 1996, plaintiff filed a complaint alleging that defendant Tarif H. Mustafa, M.D., was negligent in his medical treatment of decedent Margaret Kukla, plaintiff's mother, and that his negligence resulted in Kukla's death.[1] On the first day of trial, April 20, 1998, plaintiff moved to strike defendant's answer, enter a default in favor of plaintiff, and allow plaintiff to present proofs in support of entry of a default judgment, because defendant failed to timely file an affidavit of meritorious defense pursuant to MCL 600.2912e; MSA 27A.2912(5).

---

[1] Plaintiff also filed suit against defendants Dennis M. Zilkowski, M.D., and Oakwood Hospital. Zilkowski and Oakwood Hospital settled with plaintiff on April 11, 1997, and are not parties to this appeal.

Later that same day, defendant filed an affidavit of meritorious defense stating that Dr. Gordon Moss would testify as an expert internist on behalf of defendant. Defendant acknowledged that the affidavit was late under the statute. Plaintiff argued that the trial court was without jurisdiction to hear the case because of defendant's failure to comply with the statutory requirements. The trial court gave defendant three days to respond to plaintiff's motion to strike defendant's answer and to enter a default, and stated that if plaintiff needed more time to deal with any information contained in the late affidavit, she should request an adjournment. The court noted plaintiff's failure to include in the final pretrial order the procedural issue she was attempting to rely on the first day of trial and plaintiff's silence on the matter of the affidavit for the approximately two years during which discovery proceeded.

Following the conclusion of plaintiff's case in chief, plaintiff moved for a directed verdict in her favor on the basis, in part, of the untimely filing of the affidavit of meritorious defense. Plaintiff argued that defendant should be precluded from offering a defense as a result of the procedural deficiency. The court denied the motion. Plaintiff again raised the issue in an attempt to preclude defendant from calling as a witness Dr. Moss, defendant's expert internist and the physician who signed the untimely affidavit of meritorious defense. The trial court denied plaintiff's motion and allowed Dr. Moss to testify. Following the conclusion of defendant's proofs, plaintiff renewed her motion for a directed verdict. The trial court deferred ruling on the issue until the following day.

The jury returned a verdict of no cause of action in favor of defendant before the trial court's decision on plaintiff's motion. In subsequently denying plaintiff's motion for a directed verdict, the trial court found that plaintiff waived her right to present the affidavit of merit issue by failing to present the issue as a possible defense in the final pretrial order, that the relevant statute does not provide a remedy for failure to comply with the statutory requirements and plaintiff's requested remedy of default was too extreme, that as soon as the omission was brought to the attention of defendant, he immediately filed the affidavit of meritorious defense with the court, and that plaintiff did not suffer any substantive prejudice as a result of defendant's failure to file the affidavit. The court concluded that to allow both parties to present their arguments and witnesses to the jury was the best way to resolve the legal controversy.

On June 8, 1998, plaintiff filed a motion for judgment notwithstanding the verdict and, in the alternative, a new trial, on the basis that defendant failed to timely file the affidavit of meritorious defense. At the hearing on the motion both parties reiterated their earlier arguments and the court again denied plaintiff's motion.

Plaintiff argues on appeal that because defendant failed to comply with the mandatory requirements of MCL 600.2912e; MSA 27A.2912(5), the trial court erred in allowing him to present a defense in this case. Statutory interpretation is a question of law that we review de novo on appeal. *VandenBerg v VandenBerg*, 231 Mich App 497, 499; 586 NW2d 570 (1998). Section 2912e provides, in pertinent part:

> (1) In an action alleging medical malpractice, within 21 days after the plaintiff has filed an affidavit in compliance with section 2912d, the defendant shall file an answer to the complaint. Subject to subsection (2), the defendant or, if the defendant is represented by an attorney, the defendant's attorney shall file, not later than 91 days after the plaintiff or the plaintiff's attorney files the affidavit required under section 2912d, an affidavit of meritorious defense signed by a health professional who the defendant's attorney reasonably believes meets the requirements for an expert witness under section 2169.

Plaintiff first contends that because the requirements of § 2912e are mandatory, defendant's failure to timely file the affidavit of meritorious defense deprived the trial court of subject matter jurisdiction and the court was therefore precluded from considering defendant's defenses. We disagree.

We acknowledge that the use of the word "shall" indicates that the requirements of § 2912e are mandatory. *Scarsella v Pollak*, 232 Mich App 61, 63-64; 591 NW2d 257 (1998), aff'd 461 Mich 547; 607 NW2d 711 (2000). However, a court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint. *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 707; 575 NW2d 68 (1997). If it is apparent from the allegations that the matter alleged is within the class of cases with regard to which the court has the power to act, then subject-matter jurisdiction exists. *Id.* See also *Bowie v Arder*, 441 Mich 23, 39; 490 NW2d 568 (1992), quoting *Joy v Two-Bit Corp*, 287 Mich 244, 253-254; 283 NW 45 (1938). Plaintiff cites no authority, and we know of none, to support the proposition that where a complaint has been validly filed, and that complaint contains allegations that bring the case within the jurisdiction of the circuit court, a defendant's failure to

comply with response requirements can divest the court of jurisdiction, or that somehow the court may retain jurisdiction over the complaint, but have no jurisdiction to entertain defendant's defenses. A court either has jurisdiction over the subject matter or it does not. Here, it is apparent from the allegations in plaintiff's complaint that the matter alleged, i.e., negligence, is within the class of cases over which the circuit court is empowered to act. *Neal, supra* at 708. Therefore, the trial court had jurisdiction, and defendant's failure to timely file his affidavit of meritorious defense did not affect the court's power to hear the case.

Plaintiff next argues that even if the requirements of § 2912e are not jurisdictional, because they are mandatory the trial court was required to enter a default against defendant or otherwise preclude defendant from presenting a defense as a consequence of defendant's failure to comply with those requirements. Again, we disagree.

While the requirement that a defendant file an affidavit of meritorious defense is mandatory, the statute is silent with regard to the remedy for noncompliance. There is nothing in the statute itself to indicate that default is the mandatory, or even appropriate, remedy when a defendant fails to file an affidavit of meritorious defense. Indeed, in *VandenBerg, supra* at 502-503, this Court found that dismissal is not always warranted when a medical malpractice *plaintiff* fails to file an affidavit of merit as required under MCL 600.2912d; MSA 27A.2912(4).[2] This Court noted that in

---

[2] Section 2912d imposes on medical malpractice plaintiffs a requirement similar to that imposed on medical malpractice defendants by § 2912e: a plaintiff must file with its complaint "an affidavit of merit

revising § 2912d in 1993 to require, among other things, that a plaintiff file an affidavit of merit signed by a health professional, the Legislature eliminated the portion of § 2912d providing that the trial court *could* dismiss the complaint if the requirements of the statute were not met. *VandenBerg, supra* at 501. This Court further observed that even under the version of § 2912d that specified consequences for noncompliance, dismissal was not mandated. *VandenBerg, supra* at 501.

Likewise, in revising § 2912e, the Legislature eliminated the language providing that the court could strike the defendant's answer and enter a default against the defendant if the defendant failed to comply with the requirements of that section of the statute. Also, just as the dismissal for failure to comply with the statutory requirements was not mandated under the preamendment version of § 2912d, the severe sanction of default was not mandatory under the earlier version of § 2912e, but was left to the court's discretion.[3] Accordingly, we conclude that the trial court was not compelled by the statute to enter a default against defendant for his failure to timely file an affidavit of meritorious defense.

---

signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169." Both provisions were amended by 1993 PA 78, effective April 1, 1994.

[3] The Author's Commentary on Rule 2.603 in 3 Dean & Longhofer, Michigan Court Rules Practice (4th ed), p 311, explains that

the court's power to default the defendant under [2.603(A)] is co-extensive with the court's power of dismissal as applied to the plaintiff for failure to comply with these rules or any order of court under MCR 2.504(B).

Moreover, we do not believe that the trial court abused its discretion in refusing to enter a default against defendant or otherwise preclude him from presenting a defense. Among the several reasons the court gave for not entering a default against defendant was that plaintiff waived her right to raise the procedural issue by failing to include it in the final pretrial order. A party may waive or forfeit an issue by failing to raise it in a timely manner. *Greathouse v Rhodes*, 242 Mich App 221, 231; 618 NW2d 106 (2000). "In determining whether an issue or right is forfeited or waived because it was not timely asserted, our courts have considered both the diligence of the movant and the prejudice the nonmovant will sustain." *Id.* at 232.

Here, the court noted that plaintiff did not mention defendant's omission during the approximately two years of pretrial discovery and procedure, nor did plaintiff include the procedural matter in the final pretrial order as required by the court. Instead, she waited until the day of trial to attempt to preclude defendant from defending this action. Clearly, defendant would have been severely prejudiced had the court ruled that defendant could not present witnesses or defend against plaintiff after two years of trial preparation. The court also concluded that plaintiff would suffer no unfair prejudice if the court allowed the case to proceed, as defendant's expert was included on defendant's witness list.[4] The court noted that it could have sanctioned both parties—defendant for not filing the affidavit of meritorious

---

[4] Plaintiff did not challenge in the lower court, nor does she challenge on appeal, the qualifications of defendant's expert, Dr. Moss. See MCL 600.2169; MSA 27A.2169.

defense in a timely manner, and plaintiff for not including her procedural issue in the final pretrial order—but on balance determined that justice would best be served by allowing the case to proceed on the merits. We find no abuse of discretion.

Affirmed.