KOWALSKI v FIUTOWSKI

CASTRO v COTTAGE HEALTH SERVICES

Docket Nos. 220783, 223155. Submitted May 9, 2001, at Detroit. Decided August 17, 2001, at 9:05 A.M.

Robert Kowalski, as personal representative of the estate of Katarzyna Biniszewicz-Kowalski, deceased, brought an action in the Wayne Circuit Court against Zdzislaw Fiutowski, M.D., and Ragaa S. Eldin, M.D., alleging medical malpractice. The Michigan Department of Community Health was allowed to intervene in the action as a plaintiff. The court, Robert L. Ziolkowski, J., entered a default against the defendants, finding that MCL 600.2912e mandated such action as a result of the defendants' failure to timely file an affidavit of meritorious defense. The defendants appealed by leave granted from the court's denial of their motion to set aside the entry of the default. (Docket No. 220783).

Rica Castro, as personal representative of the estate of Elika Castro-Nazareno, deceased, brought an action in the Wayne Circuit Court against Cottage Health Services, doing business as Bon Secours Hospital, alleging medical malpractice. The court, Robert L. Ziolkowski, J., entered a default judgment against the defendant, finding that MCL 600.2912e mandated such action as a result of the defendant's failure to timely file an affidavit of meritorious defense. The defendant appealed by leave granted from the court's denial of its motion to set aside the entry of the default. (Docket No. 223155). The appeals were consolidated.

The Court of Appeals *held*:

1. The entry of a default in each case was not itself a substantial irregularity or defect in the proceeding sufficient to show good cause to warrant setting aside the default.

2. MCL 600.2912e compels compliance with the stated time limits and, by not requiring or recommending any particular sanction, allows the court to assess the facts and fashion an appropriate remedy. The statute neither prohibits nor requires a default when a defendant fails to timely file an affidavit of meritorious defense.

3. A defendant who fails to file an affidavit of meritorious defense has failed to plead. Therefore, under MCR 2.603(A), the

trial court was authorized to enter a default against each defendant.

4. Although a default was a permissible remedy in each case, the court erroneously believed that it was statutorily required to enter a default and had no discretion to fashion any other remedy. The court erred in refusing to set aside the defaults because it did not exercise its discretion in entering the defaults. The orders of the court must be reversed and the matters must be remanded for further proceedings.

Reversed and remanded.

1. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULTS.

A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, should be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed; good cause may be shown by a substantial irregularity or defect in the proceeding that the default is based on or by a reasonable excuse for failure to comply with the requirements that created the default; a court may also set aside an entry of default in accordance with MCR 2.612 (MCR 2.603[D][1], [3]).

2. PLEADING — MEDICAL MALPRACTICE — AFFIDAVITS OF MERITORIOUS DEFENSE — SANCTIONS.

A defendant in a medical malpractice action must file an affidavit of meritorious defense within the time required by MCL 600.2912e; where the defendant fails to meet the filing deadline, the statute, which does not require or recommend any particular sanction for a defendant's failure to meet the filing deadline, allows the court to exercise its discretion to assess the facts and fashion an appropriate remedy.

3. PLEADING — MEDICAL MALPRACTICE — AFFIDAVITS OF MERITORIOUS DEFENSE — SANCTIONS.

A trial court may enter a default in the exercise of its discretion in a medical malpractice action against a defendant or fashion any other appropriate remedy where the defendant fails to timely file the statutorily required affidavit of meritorious defense (MCR 2.112, 2.603[A]; MCL 600.2912e).

*Richard B. Worsham, John J. Schutza,* and the *Law Offices of Larry A. Smith* (by *Larry A. Smith*), for the plaintiff in Docket No. 220783.

*Worsham, Victor & Ahmad, P.C.* (by *Richard B. Worsham* and *John J. Schutza*), for the plaintiff in Docket No. 223155.

*Blake, Kirchner, Symonds, MacFarlane, Larson & Smith, P.C.* (by *Jane P. Garrett* and *Christopher G. Manolis*), and *Wilson A. Copeland, II*, for Zdzislaw Fiutowski, M.D.

*Willmarth, Tanoury, Ramar, Corbet, Garves & Shaw* (by *Linda M. Garbarino, John M. Perrin*, and *Elizabeth L. Sokol*), for Cottage Health Services.

Amicus Curiae:

*Foster, Swift, Collins & Smith, P.C.* (by *Thomas R. Meagher*), for Michigan Defense Trial Counsel, Inc.

Before: McDONALD, P.J., and MURPHY and METER, JJ.

PER CURIAM. In these consolidated medical malpractice cases, defendants appeal by leave granted from the trial court's denial of their motions to set aside the entry of a default in each case. In each case, the trial court held that MCL 600.2912e mandated a default for defendants' failure to timely file an affidavit of meritorious defense. We reverse and remand.

A trial court's ruling on a motion to set aside an entry of default is reviewed by this Court for abuse of discretion. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999). Except when grounded on lack of jurisdiction over the defendant, a motion to set aside a default or a default judgment should be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. MCR 2.603(D)(1); *Alken-Ziegler, Inc, supra* at 229. Good cause sufficient to

warrant setting aside a default may be shown by a substantial irregularity or defect in the proceeding that the default is based on or by a reasonable excuse for failure to comply with the requirements that created the default. *Id.* at 233. In addition, the court may set aside an entry of default in accordance with MCR 2.612. MCR 2.603(D)(3).

Both defendants argue that the entry of the default itself comprised a substantial defect or irregularity in the proceeding sufficient to show good cause. Defendants rely on the absence of a specific remedy in the statute and assert that because the courts are not expressly permitted to enter a default, they therefore are prohibited from so doing. However, an entry of a default does not create a defect in the proceedings regardless of the construction of the statute. If plaintiffs are correct and the statute *mandates* a default, then obviously defendants' arguments fail. On the other hand, if the statute *prohibits* entry of a default, then the trial court made a mistake of law. In that case, the trial court's mistaken belief that it had to enter a default is not a procedural error but a legal error. Likewise, if the statute neither mandates nor prohibits a default but allows the trial court discretion in fashioning a remedy, then the entry of a default is not a "substantial defect or irregularity in the proceeding"; rather, the court's failure to exercise its power of discretion constitutes a clear abuse of discretion. *Komejan v Suburban Softball, Inc*, 179 Mich App 41, 49; 445 NW2d 186 (1989). We thus hold that, under any interpretation of the statute, the entry of a default was not a substantial irregularity or defect in the proceeding.

Both defendants also argue that they had "reasonable excuses" for failing to file their affidavits on time. However, the trial court did not explore the matter because of its belief that it had no choice but to enter a default. While the record available to us may not appear to support "reasonable excuses," the fact that the trial court denied the parties the opportunity to develop the record renders premature any conclusion on the subject.

The question, then, in these cases is whether the trial court erred in believing that it was required to enter a default in a medical malpractice case where the defendant failed to file an affidavit of meritorious defense within the time limit required by statute. We review a question of statutory interpretation de novo. *Wilhelm v Mustafa*, 243 Mich App 478, 481; 624 NW2d 435 (2000). The relevant statute, MCL 600.2912e, reads in pertinent part:

> (1) In an action alleging medical malpractice, within 21 days after the plaintiff has filed an affidavit in compliance with section 2912d, the defendant shall file an answer to the complaint. Subject to subsection (2), the defendant or, if the defendant is represented by an attorney, the defendant's attorney shall file, not later than 91 days after the plaintiff or the plaintiff's attorney files the affidavit required under section 2912d, an affidavit of meritorious defense signed by a health professional who the defendant's attorney reasonably believes meets the requirements for an expert witness under section 2169.

The only exception to the time limits in subsection 1 is given in subsection 2, which applies if the plaintiff fails to allow access to medical records as required under MCL 600.2912b(6); that exception does not apply in these cases. The use of the word "shall" indi-

cates that the requirement of the statute is mandatory. *Wilhelm, supra* at 482. Therefore, a defendant violates the statute by failing to file an affidavit of meritorious defense within ninety-one days of the plaintiff's filing an affidavit of merit.

The next question is what sanction or remedy is appropriate for the violation. MCL 600.2912e is silent in regard to a sanction for noncompliance with the ninety-one-day time limit, and nothing in that statute expressly permits or forbids an extension of time. In contrast, the statutory provision governing a plaintiff's affidavit of merit, MCL 600.2912d, is silent concerning possible sanctions, but it expressly allows a plaintiff to have an additional twenty-eight days in which to file the affidavit of merit if good cause is shown.[1] The previous version of MCL 600.2912e, which was amended in 1993,[2] provided that the trial court could, in its discretion, strike the defendant's answer and enter a default if the defendant failed to comply with the requirements of that section of the statute. *Wilhelm, supra* at 484. That provision was eliminated when the statute was amended in 1993; also eliminated was a provision allowing a defendant to extend time for good cause.

As our Supreme Court stated in *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999) (CORRIGAN, J.):

> The rules of statutory construction are well established. The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Leg-

---

[1] MCL 600.2912d, despite its "good cause" extension, likewise mandates the filing of the plaintiff's affidavit by use of the word "shall."

[2] The statute was amended by 1993 PA 78, § 1, effective April 1, 1994.

islature. This task begins by examining the language of the statute itself. The words of a statute provide "the most reliable evidence of its intent . . . ." If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. [Citations omitted.]

See also *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 217; 580 NW2d 424 (1998) (TAYLOR, J.).

The language of MCL 600.2912e unambiguously does not require or recommend any particular sanction. That does not mean, however, that no remedy is available. Where a statute creates a right or duty not found in the common law, the remedies provided in the statute are exclusive unless they are plainly inadequate or where the act provides no adequate means of enforcement of its provisions. *General Aviation, Inc v Capital Region Airport Authority (On Remand)*, 224 Mich App 710, 715; 569 NW2d 883 (1997). Because MCL 600.2912e provides no remedy, this Court may infer one. *Id.*

In response to defendants' arguments that the sanction provision eliminated by the 1993 amendment should be presumed to reflect a change in the intent of the Legislature, *People v Wright*, 432 Mich 84, 92; 437 NW2d 603 (1989), citing *Lawrence Baking Co v Unemployment Compensation Comm*, 308 Mich 198, 205; 13 NW2d 260 (1944), we note first that we are required to begin with the statute *as written. Sun Valley Foods, supra.* The Legislature chose to delete the sanction provision rather than rewrite it, indicating that it intended to leave the determination of a

proper remedy to the discretion of the court. Second, the amendment also eliminated the provision permitting an extension of time, indicating the Legislature's intent to require strict adherence to the time limit. We cannot give weight to one change without giving weight to the other; the overall effect of the amendment is to compel compliance with the stated time limits but to allow the courts to assess the facts and fashion an appropriate remedy. *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000). We therefore hold that MCL 600.2912e neither prohibits nor requires a default when the defendant fails to timely file its affidavit of meritorious defense.

We next turn to the court rules to consider whether the trial court had the power to enter a default. MCR 2.603(A) authorizes the court to enter a default of a defendant who fails to "plead or otherwise defend" in an action. We note that this language encompasses more than a failure to answer. Defendants argue that filing of the affidavit of meritorious defense should not be considered "pleading or otherwise defending"; but the statutory timing of filing, the language of the court rule, and the purpose of the affidavits combine to convince us that both plaintiffs' and defendants' affidavits are part of the pleadings. MCR 2.112, which includes the requirement that in a medical malpractice case "each party must file an affidavit as provided in MCL 600.2912d, 600.2912e," is entitled *"Pleading* Special Matters." MCR 2.112(L) (emphasis added). The term "pleadings" includes only (1) a complaint, (2) a cross-claim, (3) a counterclaim, (4) a third-party complaint, (5) an answer to a complaint, cross-claim, counterclaim, or third-party complaint, and (6) a reply to an answer; thus, defendants' affida-

vits are part of the answer. MCR 2.110(A). Without the affidavit, the answer is incomplete and does not conform with the rules; under MCR 2.115(B), the court may strike the answer and enter a default. In medical malpractice cases, the purpose of the affidavits is to identify valid claims and defenses meriting discovery. See *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998). We therefore conclude that when a defendant fails to file an affidavit of meritorious defense, that defendant has failed to plead. Thus, under MCR 2.603(A), the trial court was authorized to enter a default against defendants.

Finally, we explore the appropriateness of entering a default in this case. This is an issue of first impression for this Court because the circumstances in each of the prior relevant medical malpractice cases were slightly, but significantly, different from the present case. In *Wilhelm, supra* at 485, where the defendant failed to timely file the affidavit, the trial court did *not* enter a default because the plaintiff waived the issue by not raising it until the day of trial. In *Vanden-Berg, supra*, the plaintiff filed the affidavit three months after filing the complaint, but served the defendants with both the complaint and the affidavit at the same time. This Court held that dismissal was not required by the statute and was not appropriate because the defendants suffered no prejudice. Similarly, in *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 47-48; 594 NW2d 455 (1999), the plaintiff failed to file the required affidavit before serving the defendant with the complaint. Our Supreme Court held that dismissal without prejudice was proper because the period of limitation had not expired. The Court developed the law further in *Scarsella v Pollak*,

461 Mich 547, 551-553; 607 NW2d 711 (2000), where it held the complaint alone was insufficient to commence the plaintiff's action and the suit was time-barred because the affidavit was not filed before the period of limitation expired. Although we apply the principles from these cases to the situation at hand, we find none of them directly analogous.

Defendants argue that this case is analogous to *VandenBerg, supra*, and that dismissal without prejudice is appropriate. However, the defendants in a medical malpractice case are not in the same situation as the plaintiffs. First, they are not racing the statute of limitations clock; their interest in prolonging the suit is very different from the plaintiffs' need to meet the statutory deadline. Second, the statutory provisions and language applying to the defendants is similar, but not identical, to that applying to the plaintiffs; for instance, the Legislature did not grant the defendants the right to extend the time allowed. Third, to permit the defendants to delay with impunity does nothing to encourage the parties to explore the merits of the case before trial. *VandenBerg, supra* at 502. The cooperation of *both* parties is necessary for the effective development of the meritorious issues; the plaintiff is not the only party whose involvement is necessary to ascertain the validity of the allegations made. While the focus in the past has been on the intent of the Legislature to prevent *plaintiffs* from bringing frivolous claims, the language of the statute is equally strict in requiring *defendants* to present a valid defense.

We therefore find that in each of these cases, although a default was a permissible remedy, the trial court erroneously believed that it was required by

statute to enter a default and that it had no discretion to fashion any other appropriate sanction. Because the trial court did not exercise discretion in entering the default and did not consider the possibility of any other remedies, it erred in refusing to set aside the default. We reverse its orders and remand for exploration of the issues of setting aside the defaults for good cause and what remedies should be ordered. We recognize that the trial court may ultimately find a default to be appropriate, but it may reach its conclusion only after exercising its own discretion in the matter. In selecting a sanction both appropriate and effective in compelling compliance with the statute, the trial court may consider the reasons for defendants' delays, what other actions defendants took to apprise plaintiffs and the court of those reasons, any prejudice to plaintiffs resulting from the delays, and any other factors relevant to the determination.

Reversed and remanded. We do not retain jurisdiction.

McDONALD, P.J., did not participate.