*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROSEANNE RAPHAEL,

Plaintiff-Appellant,

v

JASON BENNETT, D.O., and MUNSON
HEALTHCARE INC.,

Defendants-Appellees.

UNPUBLISHED
November 5, 2020

No. 349232
Crawford Circuit Court
LC No. 18-010384-NH

Before: SAWYER, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Roseanne Raphael, appeals as of right the trial court order granting summary disposition to defendants Jason Bennett, D.O. and Munson Healthcare, Inc.[1] under MCR 2.116(C)(7) and denying as moot her motion for a partial default judgment. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On March 15, 2016, Dr. Bennett performed a total knee arthroplasty on Raphael's left knee. Subsequently, Raphael alleged that she was unable to fully extend and flex her left knee and that she continued to experience severe pain and instability in that knee joint. In July 2017, Raphael underwent additional surgery performed by another surgeon, who removed a 15 millimeter polyethylene spacer from her knee and replaced it with a 9 millimeter spacer.

---

[1] In her brief on appeal, Raphael refers to the actions and inactions of three entities that she contends are "closely knit corporate entities." Those entities are Munson Healthcare, Inc, Munson Healthcare Grayling, Inc, and Munson Medical Center (MMC). However, only Munson Healthcare, Inc is a defendant.

-1-

On March 7, 2018, Raphael sent an informal request for her medical records to defendants and to Munson Medical Center. The privacy authorization submitted with the informal requests, however, did not accurately identify Raphael. Accordingly, her lawyer sent corrected requests for the same information to the same entities on March 16, 2018. In addition, on March 14, 2018, Raphael mailed a notice of intent to defendants under MCL 600.2912b(1), requesting access to or a copy of all of her medical records in defendants' control. On April 9, 2018, Raphael's lawyer cancelled the request for Raphael's medical records, so the records were not provided.[2]

On September 11, 2018, Raphael filed a medical malpractice action against defendants. She did not file an affidavit of merit with her complaint; instead, she asserted that because defendants did not provide her access to or a copy of her relevant medical records as required by MCL 600.2912b(5), she had an additional 91 days to file an affidavit of merit pursuant to MCL 600.2912d(3). Defendants moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), arguing that summary disposition was warranted based on Raphael's failure to file an affidavit of merit either with her complaint—as required by MCL 600.2912d(1)—or within 91 days of filing her complaint—as permitted by MCL 600.2912d(3). Defendants argued that as a result, Raphael had not properly commenced her medical malpractice action, and that, because the statute of limitations had expired, her claim should be dismissed with prejudice. In response, Raphael filed a motion for partial default judgment, arguing that defendants violated a number of statutes and court rules when they failed to provide her with a copy of her medical records. She also filed a response to defendants' summary disposition motion, conceding that if her motion for partial default judgment was denied, then she would "be unable to mount a defense to" defendants' motion for summary disposition.

Following oral argument on both motions, the trial court held that because Raphael did not file an affidavit of merit under MCL 600.2912d, she had failed to commence her lawsuit before the statute of limitations had expired. In addition, the court held that because no lawsuit had been timely commenced, Raphael's motion for partial default judgment was moot. Raphael filed a motion for partial reconsideration. In her motion, Raphael noted that the court granted summary disposition for two reasons: (1) because no affidavit of merit was filed with the complaint and (2) because the complaint was filed before the expiration of the 182-day notice of intent period set forth by MCL 600.2912b(1). She only argued that the trial court erred by granting summary disposition on the basis that her complaint was filed before the expiration of the 182-day waiting period. The trial court denied Raphael's motion, noting that even if it had erred by granting summary disposition on that basis, summary disposition was nevertheless warranted because Raphael had failed to file an affidavit of merit with her complaint. This appeal follows.

---

[2] In support of their motion for summary disposition, defendants submitted an affidavit and documentation showing that on April 9, 2018, while the requested records were being gathered, Raphael's lawyer called and cancelled the request. In response, Raphael's lawyer did not produce an affidavit or other evidence refuting the evidence submitted by defendants; instead, he told the trial court that he did not recall cancelling the request but that he might have done so. Therefore, it is unrefuted that Raphael's lawyer cancelled pending records requests.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Raphael argues that the trial court erred by granting defendants' motion for summary disposition and denying her motion for partial default judgment. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). We review for an abuse of discretion a trial court's decision to deny a default judgment. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). "A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes." *Id*.

### B. ANALYSIS

MCL 600.2912d(1) provides that a plaintiff in a medical malpractice action "shall file with the complaint an affidavit of merit . . . ." Raphael concedes that she did not file an affidavit of merit with her complaint. Instead, she alleged in her complaint that defendants had failed to provide her with access to or a copy of her relevant medical records, so she was entitled to an additional 91 days after filing the complaint to submit her affidavit of merit. Under MCL 600.2912d(3), "[i]f the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set forth in [MCL 600.2912b], the affidavit required under subsection (1) may be filed within 91 days after the filing of the complaint." MCL 600.2912b(5) provides that "within 56 days after" receiving a notice of intent, "the health professional or health facility shall allow the claimant access to all medical records related to the claim that are in the control of the health profession or health facility."

In this case, Dr. Bennett received a notice of intent on March 16, 2018, which allowed him until May 11, 2018 to give Raphael access to all medical records in his control that related to Raphael's claim. Munson Healthcare received a notice of intent on March 19, 2018; therefore, it had until May 14, 2018 to allow Raphael access to all medical records in its control that related to Raphael's claim. Neither Dr. Bennett nor Munson Healthcare provided such access to Raphael within 56 days after receipt of their respective notices of intent.[3] Thus, in order to commence her

---

[3] In their motion for summary disposition, defendants contended that they had provided Raphael with her medical records so the additional 91 days was not warranted. However, although it is unrefuted that Raphael's lawyer cancelled the records request on April 9, 2018, the lawyer's decision to cancel the requests does not excuse defendants from their statutory duty to provide Raphael access to her relevant medical records in *their* control within 56 days after receipt of her notice of intent to commence a medical-malpractice action against them. See MCL 600.2912b(5). Furthermore, although defendants also directed the trial court to an affidavit and documentation showing that Raphael was provided with medical records on November 12, 2018, those records were provided outside the 56-day timeframe required by MCL 600.2912b(5). Consequently, there is no merit to defendants' argument that the additional 91 days afforded by MCL 600.2912d(3) were unavailable to Raphael.

action alleging medical malpractice, Raphael had until December 11, 2018 to submit an affidavit of merit. See MCL 600.2912d(3).[4] She did not do so.

Thus, because Raphael did not file an affidavit of merit under either MCL 600.2912d(1) or MCL 600.2912d(3), she never properly commenced her medical malpractice complaint and the statute of limitations was not tolled by the filing of her complaint. See *Scarsella v Pollak*, 461 Mich 547, 552-553; 607 NW2d 711 (2000) (stating that if a medical malpractice plaintiff "wholly omits to file the affidavit" of merit under MCL 600.2912d(1), then "the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation.").[5] Because the limitations period has since expired, the trial court did not err by dismissing Raphael's medical malpractice action under MCR 2.116(C)(7).[6]

Raphael acknowledges that she failed to file an affidavit of merit under MCL 600.2912d(1) or (3) and that the statute of limitations for her claim has expired. However, she argues that the trial court abused its discretion by denying her motion for partial default judgment because defendants "purposely" violated a number of statutes and court rules in a deliberate "effort to impede" her ability to prosecute her medical malpractice claim. Raphael's argument attributes to the trial court a rationale that the court did not express. The trial court stated both in its oral opinion and in its subsequent written order that it was denying the motion for partial default judgment because the motion was moot. Stated differently, contrary to Raphael's argument on appeal, the court did not exercise its discretion to grant or deny partial default judgment. Instead, the court found that, even if it entered a partial default judgment against defendants, Raphael could not prevail because her medical-malpractice claim had not been properly filed before the expiration of

---

[4] Defendants suggest that under MCL 600.2912d(2) Raphael could have sought a 28-day extension of the timeframe to submit her affidavit of merit. MCL 600.2912d(2) permits the court to grant an additional 28 days in which to file the affidavit of merit "[u]pon motion of a party for good cause shown." Nothing in the language of MCL 600.2912d(2) limits the 28-day extension to a period of 28 days after the complaint is initially filed. Thus, conceivably, in this case, Raphael could have sought a 28-day extension of the 91-day extension afforded her by MCL 600.2912d(3). However, because Raphael did not seek an extension under MCL 600.2912d(2), we need not address whether the provisions in MCL 600.2912d(2) and (3) can be used in the same medical malpractice action.

[5] Although *Scarsella* only examined the effect of a plaintiff's failure to file an affidavit of merit under MCL 600.2912d(1), we conclude that a plaintiff's failure to file an affidavit of merit within the 91-day period afforded by MCL 600.2912d(3) also renders the filing of the complaint ineffective and does not work a tolling of the applicable period of limitation.

[6] Raphael also argues that the trial court erred by granting summary disposition on the grounds that her complaint was filed prematurely. We agree. It is undisputed that defendants failed to furnish Raphael or her lawyer with a written response to the notice of intent as required by MCL 600.2912b(7). As a result, Raphael was statutorily permitted to file her complaint after 154 days. See MCL 600.2912b(8). Under the correct statutory framework, it is plain that Raphael's complaint was timely filed under MCL 600.2912b(8). Thus, the trial court erred by holding to the contrary. But, because summary disposition was properly granted based on Raphael's failure to file an affidavit of merit under MCL 600.2912d, reversal is not warranted.

the applicable statute of limitations. By failing to address the trial court's actual rationale for denying her motion, Raphael has failed to establish entitlement to relief. See *Seifeddine v Jaber*, 327 Mich App 514, 521-522; 934 NW2d 64 (2019) (noting that an appellant cannot rely on this Court to make her arguments for her). See also *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) ("When an appellant fails to dispute the basis of the trial court's ruling, this Court need not even consider granting plaintiffs the relief they seek.") (quotation marks and citation omitted). Accordingly, we need not review Raphael's challenge to the trial court order denying her motion for partial default judgment.

Moreover, even if the court had, in its discretion, declined to grant the motion for partial default judgment, Raphael has not established that such a decision would have been an abuse of the trial court's discretion. Raphael directs this Court to *Wilhelm v Mustafa*, 243 Mich App 478, 485; 624 NW2d 435 (2000) and *Kowalski v Fiutowski*, 247 Mich App 156, 160; 635 NW2d 502 (2001) for the proposition that a default may be imposed against a defendant in a medical malpractice case if the defendant does not file an affidavit of meritorious defense. On appeal, she contends that, similarly, a default is an appropriate sanction for defendants in this case because they deliberately violated the following statutes and court rules: MCL 333.26263(a), MCL 333.26263(i), MCL 600.2912b(5), MCL 600.2912b(7), MCR 2.309, and MCR 2.310.

The record, however, does not establish that defendants violated MCL 333.26263(a) or (i). Although Raphael cited MCL 333.26263 when she made her informal requests for her medical records, the cited provisions do not actually impose any obligations on defendants. Instead, MCL 333.26263(a) defines the term "authorized representative," and MCL 333.26263(i) defines the term "medical record," both as used in the Medical Records Act, MCL 333.26261 *et seq*. Moreover, it is unrefuted that on April 9, 2018, Raphael's lawyer cancelled the request for medical records. Thus, the so-called violation of MCL 333.26263 is not grounds for imposing the drastic sanction of a default judgment on defendants.

Next, the record does reflect that defendants did not comply with MCL 600.2912b(5). Yet, the legislature determined that the appropriate remedy for a defendant's failure to comply with MCL 600.2912b(5) is to permit a plaintiff to file his or her affidavit of merit within 91 days after filing his or her complaint, MCL 600.2912d(3). Likewise, although it is undisputed that defendants did not comply with MCL 600.2912b(7), the remedy for that failure is set forth in MCL 600.2912b(8), which permits a plaintiff to file his or her complaint after a 154-day period rather than the 182 day period set forth in MCL 600.2912b(1). "Where a statute creates a right or duty not found in the common law, the remedies provided in the statute are exclusive unless they are plainly inadequate or where the act provides no adequate means of enforcement of its provisions." *Kowalski*, 247 Mich App at 162. Raphael suggests that the statutory remedies are inadequate because if a plaintiff fails to meet a statutory obligation, his or her claim is often dismissed whereas a defendant does not suffer any real consequences for failing to comply with its statutory obligations. However, a mere assertion that a statute is unfair to plaintiffs does not render the legislature's chosen remedy for a violation of MCL 600.2912b(5) and MCL 600.2912b(7) inadequate. Because the statute provides adequate remedies, a default judgment is not warranted for the failure to comply with MCL 600.2912b(5) and MCL 600.2912b(7).

Next, Raphael asserts that defendants failed to comply with MCR 2.309 and MCR 2.310. MCR 2.309(B)(4) provides in relevant part that a party served with interrogatories must "serve the answers and objections, if any, on all other parties within 28 days after the interrogatories are served, except that a defendant may serve answers within 42 days after being served with the summons and complaint." Similarly, MCR 2.310(C)(2) provides in relevant part that a party served with a request for the production of documents "must serve a written response within 28 days after service of the request, except that a defendant may serve a response within 42 days after being served with the summons and complaint." Both MCR 2.309(B)(4) and MCR 2.310(C)(2) provide that the trial court may allow a longer or shorter period of time for the party receiving the discovery requests to answer.

Here, in support of her motion for partial default judgment, Raphael submitted documentation showing that on September 12, 2018, she submitted requests for the production of documents and interrogatories to both defendants. She also submitted copies of an e-mail chain where her lawyer noted that the discovery had not been received as of November 8, 2018. In response, Raphael was told that defendants' lawyer "will have discovery responses for you next week." Notwithstanding that assurance, on November 21, 2018, Raphael's lawyer sent an e-mail indicating that the discovery responses had not been received and advising that he would file a motion to strike the answer if the requested medical records were not received electronically by the close of business on November 23, 2018. The November 21, 2018 e-mail, however, was not sent to defendants' lawyer's e-mail address, and Raphael's lawyer never moved to strike the answer. Additionally, Raphael's lawyer did not file any motions to compel discovery with the trial court.[7]

As explained in *Frankenmuth Mut Ins Co v ACO, Inc*, 193 Mich App 389, 396-397; 484 NW2d 718 (1992):

> Default judgment is a possible sanction for discovery abuses. MCR 2.313(B)(2)(c). It is, however, a drastic measure and should be used with caution. *Equico Lessors, Inc v Original Buscemi's, Inc*, 140 Mich App 532, 534; 364 NW2d 373 (1985). When the sanction of a default judgment is contemplated, the trial court should consider whether the failure to respond to discovery requests extends over a substantial period of time, whether there was a court order directing discovery that has not been complied with, the amount of time that has elapsed between the violation and the motion for default judgment, and whether wilfulness has been shown. *Id*. at 534–535. The court must also evaluate on the record other available options before concluding that a drastic sanction is warranted. *Hanks v SLB Management, Inc*, 188 Mich App 656, 658; 471 NW2d 621 (1991). The sanction of default judgment should be employed only when there has been a flagrant and wanton refusal to facilitate discovery, that is, the failure must be

---

[7] At oral argument, Raphael's lawyer explained to the trial court that he did not do so "mainly because of time." He contended that "[b]y the time I get a motion praeciped up and heard, apparently there would have been no way to get [the discovery responses] because they didn't get it to me until January as it is."

-6-

conscious or intentional, not accidental or involuntary. *Equico Lessors, Inc*, 140 Mich App at 535.

Here, although Raphael complains that the failure to comply with the discovery requests was deliberate, the trial court's comments indicate that it did not find a clear and deliberate violation based upon the evidence she presented. Additionally, as noted by the trial court, Raphael did not even attempt to enlist the aid of the court in compelling responses to the discovery request. In the absence of evidence of purposeful wrongdoing, and given that no request to compel discovery was actually made, the drastic sanction of a default judgment was not warranted based upon the failure to timely respond to the discovery requests. Thus, a default judgment was not warranted under the facts presented to the trial court.

Affirmed. Defendants may tax costs under MCR 7.219(A).

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Brock A. Swartzle