*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM HILLEY, III,

Plaintiff-Appellant,

v

JOSEPH IHAB SALEH ALAMAT, D.D.S. and
ALAMAT ORAL AND MAXILLOFACIAL
SURGERY, PLLC,

Defendants-Appellees.

UNPUBLISHED
November 10, 2022

No. 359223
Macomb Circuit Court
LC No. 2019-005128-NH

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right an order striking his expert medical witness, granting summary disposition in favor of defendants, and dismissing his medical malpractice case with prejudice for filing an invalid affidavit of merit. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

This is a medical malpractice case. In March 2017, plaintiff went to defendants' dentistry practice and was advised by Dr. Joseph Ihab Saleh Alamat, D.D.S. that he needed three wisdom teeth extracted. During the procedure, plaintiff's inferior alveolar nerve (IAN) was allegedly injured, causing numbness in his face. After the procedure, Dr. Alamat treated plaintiff for facial numbness; however, plaintiff continued to suffer from facial numbness. In 2019, plaintiff brought this lawsuit alleging that defendants breached the professional standard of care while treating plaintiff, causing significant injury. With his complaint, plaintiff attached an affidavit of merit (AOM) from an expert witness, Robert Staley, D.D.S., who attested that defendants breached the standard of care. Defendants denied plaintiff's allegations, asserting that plaintiff was reasonably informed of the risks of the procedure, his injuries were not as significant as claimed, and he failed to follow defendants' instructions regarding the injury.

During discovery, the trial court allowed plaintiff to file an amended AOM for a new expert witness after Dr. Staley was deemed unqualified under MCL 600.2169. In late September 2021, plaintiff filed an AOM for Harold Richman, D.D.S., which attested that "[a]fter having reviewed

-1-

records and Notice of Intent provided by Plaintiff's attorney, I . . . submit the following opinions," including how the applicable standard of care was breached. About two weeks later, Dr. Richman was deposed. When asked about the AOM, Dr. Richman stated that he did not, in fact, review any materials before signing the AOM because "it was imperative to [plaintiff's attorney]," from their conversations, that the AOM be signed, notarized, and sent back. After signing the AOM, Dr. Richman received plaintiff's medical chart, Dr. Alamat's depositions, and two articles on dental elevators, which he reviewed at his leisure.

After the depositions, defendants moved to strike Dr. Richman as an expert witness, arguing that plaintiff failed to comply with MCL 600.2912d(1), which states: "The affidavit of merit shall certify that the health professional has reviewed the notice [i.e., notice of intent (NOI)] and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice . . . ." Here, Dr. Richman admitted in his deposition that plaintiff's attorney did not supply him with the NOI or plaintiff's medical records before he signed the AOM, which amounted to perjury. And plaintiff's counsel was directly involved with having the AOM signed and notarized despite Dr. Richman's failure to review the NOI or medical records which constituted an intentional fraud on the court. Defendants requested the trial court to strike Dr. Richman as an expert and grant summary disposition in their favor.

Plaintiff responded to the motion, arguing that defendants failed to include any legal authority in support of their "personal definition of the word 'review' in MCL 600.2912d." Plaintiff asserted that plaintiff's counsel's verbal communications over the telephone with Dr. Richman about the NOI, AOM, and plaintiff's medical records, followed by delivery of the physical documents, was an efficient and common method of "review" under the statute. Plaintiff argued that defendants could have asked Dr. Richman additional questions during his depositions which would have revealed the detailed conversations between Dr. Richman and plaintiff's counsel about the NOI, AOM, and medical records. Therefore, plaintiff argued, defendants' motion should be denied.

In reply, defendants argued that plaintiff's counsel's purported verbal communication with Dr. Richman about the NOI and medical records before he signed the AOM did not constitute a "review" under the statute. Defendants asserted that there was no caselaw distinguishing between physically furnishing the documents for review to the expert witness as opposed to having a verbal conversation about the documents because the statute is "absolutely clear." Further, defendants argued, it was not their place to thoroughly question Dr. Richman about conversations he may have had with plaintiff's counsel; rather, if plaintiff felt it was important to establish additional testimony, plaintiff should have elicited that testimony. Therefore, defendants were entitled to summary disposition in their favor and the dismissal of this action.

The trial court, without conducting oral argument, entered an opinion and order granting the motion to strike Dr. Richman as an expert witness, granting summary disposition in favor of defendants, and dismissing plaintiff's case with prejudice. Because MCL 600.2912d(1) did not define "reviewed" or "supplied," the trial court consulted the common dictionary definitions and concluded that plaintiff's proposed interpretation was "not reasonable in light of the plain language, context, and purpose of the statute." The trial court held there was no reasonable dispute that plaintiff failed to comply with MCL 600.2912d(1), stating:

Plaintiff's expert has admitted that his averment—that his opinion was based on a review of the Plaintiff's records and notice of intent provided by Plaintiff's counsel—was not true at the time Plaintiff's counsel submitted the affidavit of merit. This is precisely the type of conduct the Legislature intended to prohibit when it enacted MCL 600.2912d. In sum, considering the admissions of Dr. Richman and Plaintiff's counsel in the light most favorable to them, there can be no reasonable dispute that Plaintiff failed to comply with the statutory requirements.

As a result, the trial court struck Dr. Richman's AOM under MCR 2.115(B) and Dr. Richman was stricken as an expert witness. Because the trial court determined that plaintiff was "unable to create a genuine issue of material fact as to the standard of care and causation," summary disposition was granted in favor of defendants under MCR 2.116(C)(10). The trial court also exercised its inherent power, as explained in *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006), to "dismiss Plaintiff's complaint with prejudice as a sanction for Dr. Richman signing the affidavit under penalty of perjury knowing that he had not in fact reviewed Plaintiff's records or the notice of intent" because "[s]uch conduct constitutes the perpetration of fraud on the Court." The court also noted that it had authority under MCL 600.611 and MCR 2.504(B)(1) to impose a sanction that includes dismissal, which was appropriate in this case. This appeal by plaintiff followed.

Plaintiff argues that the trial court abused its discretion by (1) striking Dr. Richman as an expert because he signed the AOM after telephone discussions about the case with plaintiff's counsel which constituted a sufficient review under MCL 600.2912d(1), and (2) dismissing plaintiff's case with prejudice which was not proportionate and just. We disagree.

II. ANALYSIS

A. STANDARD OF REVIEW

This Court reviews de novo whether the trial court properly interpreted and applied the relevant statutes, including the statutory requirements for AOMs. *Jones v Botsford Continuing Care Corp*, 310 Mich App 192, 199; 871 NW2d 15 (2015). Our purpose in reviewing questions of statutory construction is to discern and give effect to the Legislature's intent. *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005). Our analysis begins by examining the plain language of the statute; if the language is unambiguous, no judicial construction is required or permitted and the statute must be enforced as written. *Id*. (citation omitted).

This Court also reviews de novo a trial court's decision regarding a motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of a claim. *Sheridan v Forest Hills Pub Sch*, 247 Mich App 611, 620; 637 NW2d 536 (2001). Summary disposition should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

In addition, "[t]rial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action. An exercise of the court's 'inherent power' may be disturbed only upon a finding that there has been a clear abuse of discretion." *Maldonado*, 476 Mich at 388 (quotation marks and citations omitted). Likewise, a trial court's decision to grant a motion to strike an AOM is reviewed for an abuse of discretion. *Kalaj v Khan*, 295 Mich App 420, 425; 820 NW2d 223 (2012). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.*, citing *Maldonado*, 476 Mich at 388. Thus, when a trial court misapprehends the applicable law, an abuse of discretion occurs. *Kalaj*, 295 Mich App at 425 (quotation marks and citations omitted).

## B. AFFIDAVIT OF MERIT

Plaintiff first argues that the trial court erred in striking Dr. Richman as an expert witness because he signed the AOM after telephone discussions about the case with plaintiff's counsel which constituted a sufficient review under MCL 600.2912d(1). We disagree.

"The plaintiff in a medical malpractice action bears the burden of proving: (1) the applicable standard of care, (2) breach of that standard by defendant, (3) injury, and (4) proximate causation between the alleged breach and the injury." *Cox ex rel Cox v Flint Bd of Hosp Managers*, 467 Mich 1, 10; 651 NW2d 356 (2002). "Failure to establish any one of these four elements is fatal to a plaintiff's medical malpractice suit." *Estate of Horn by Stokes v Swofford*, 334 Mich App 281, 288; 964 NW2d 904 (2020). To initiate an action for medical malpractice, a plaintiff must file a complaint and an affidavit of merit. *Young v Sellers*, 254 Mich App 447, 451; 657 NW2d 555 (2002). As stated in MCL 600.2912d(1):

> The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:
>
> (a) The applicable standard of practice or care.
>
> (b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.
>
> (c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.
>
> (d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

The parties do not dispute that plaintiff's counsel reasonably believed Dr. Richman qualified as an expert, and it is not contested that the AOM meets the statutorily required elements listed in MCL 600.2912d(1)(a) through (d). Rather, defendants contend, and the trial court concluded, that the AOM violated the statutory requirements and was invalid because Dr. Richman did not personally review the NOI and plaintiff's medical records before signing the AOM. In

other words, although Dr. Richman signed the AOM *certifying* that he had "reviewed the notice and all medical records supplied to him," he did not, in fact, review any documents—and they were not even provided to him by plaintiff's counsel—before he signed the AOM. Thus, Dr. Richman's AOM contained perjury and its submission by plaintiff's counsel constituted a fraud on the court.

Plaintiff contended in the trial court, as he does on appeal, that verbal communication between plaintiff's counsel and Dr. Richman about the NOI and plaintiff's medical records before Dr. Richman signed the AOM was sufficient "review" under MCL 600.2912d(1). The trial court disagreed with plaintiff's interpretation of the "review" and "supply" requirements, as do we. The court must give effect to the plain, ordinary, or generally accepted meaning of the terms used in statutes. See *Bartalsky v Osborn*, 337 Mich App 378, 383; 977 NW2d 574 (2021) (citation omitted). A lay dictionary may be consulted, as the trial court noted, but it really is not necessary here. To "review" documents that were "supplied" generally means, at the bare minimum, to look over and thoughtfully consider documents that were provided. How can a health professional provide a reliable opinion regarding the applicable standard of care, its breach, and proximate cause in a medical malpractice case without looking at and reading the plaintiff's medical records? As this Court noted in *Kalaj*, 295 Mich App at 427, "It is sufficient, under the plain language of [MCL 600.2912d(1)], for the expert to indicate that he or she has reviewed the records provided by the plaintiff's counsel and that in light of those records, the expert is willing and able to opine with respect to the defendant's negligence consistently with the elements set forth in the statute."

This is not a case in which Dr. Richman claimed a visual impairment and so someone on his staff read to him verbatim the documents that were supplied to him by plaintiff's counsel; no documents at all were provided to Dr. Richman before he signed the AOM. Dr. Richman testified that he did not review any materials before signing the AOM because plaintiff's counsel indicated an urgent need to file the AOM with the trial court. And Dr. Richman did not recall ever seeing or receiving the NOI. We agree with the trial court's conclusion—Dr. Richman's AOM was invalid for failure to comply with the requirements of MCL 600.2912d(1). Having telephone conversations with a plaintiff's attorney about the contents of the NOI and the plaintiff's medical records is insufficient to meet the requirements of MCL 600.2912d(1).

As this Court explained in *Kowalski v Fiutowski*, 247 Mich App 156, 163-164; 635 NW2d 502 (2001), both the affidavit of merit and the affidavit of meritorious defense are considered part of the pleadings and can be stricken under MCR 2.115(B).[1] Accordingly, the trial court's decision to strike the AOM was not an abuse of discretion and defendants' motion to strike Dr. Richman as an expert witness was properly granted. Without Dr. Richman as an expert witness, plaintiff would be unable to establish the applicable standard of care and to show that defendants breached that standard; therefore, the trial court did not err in granting summary disposition in favor of defendants. See *Gonzalez v St John Hosp & Med Ctr*, 275 Mich App 290, 294; 739 NW2d 392

---

[1] MCR 2.115(B) provides, in pertinent part, that a court "may strike from a pleading redundant, immaterial, impertinent, scandalous, or indecent matter, or may strike all or part of a pleading not drawn in conformity with these rules."

(2007) ("Expert testimony is required to establish the applicable standard of care and to demonstrate that the defendant breached that standard.")

## C. DISMISSAL WITH PREJUDICE

Plaintiff also argues that the trial court erred in dismissing his case with prejudice as a sanction for filing an invalid affidavit of merit. We disagree.

In support of his argument, plaintiff refers us to cases involving dismissal as a discovery sanction for filing late witness lists and for failing to provide discovery but those cases are inapplicable—that is not what happened in this case. In this case, plaintiff's proposed expert executed an affidavit containing a false statement and plaintiff's counsel not only encouraged that false statement, but then filed that false affidavit with his complaint. In other words, Dr. Richman made a false statement in the affidavit of merit, that affidavit was required by law under MCL 600.2912d(1) to initiate a medical malpractice action, and plaintiff's counsel knew that the affidavit contained a false statement but filed it anyway in support of his lawsuit.

As this Court noted in *Wood v Bediako*, 272 Mich App 558; 727 NW2d 654 (2006):

> To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. [*Id.* at 562-563 (quotation marks and citation omitted).]

The affidavit of merit at issue in this case—a sworn statement—contained a significant falsehood. In fact, the falsehood pertained to the very purpose for which an affidavit of merit is required by statute—to prevent the filing of frivolous medical malpractice lawsuits. See *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 47; 594 NW2d 455 (1999). MCL 600.2912d(1) requires that the health professional certify, in effect, that in his or her opinion—an opinion that is based on a thoughtful and considered review of the NOI as well as the facts as actually set forth in the plaintiff's medical records and not merely the plaintiff's attorney's cherry-picked version of the relevant facts—that the applicable standard of practice or care was not met in the circumstances of that particular case and caused the plaintiff's claimed injuries. In simple terms, it is a sworn statement executed by a person who can be confidently relied upon and trusted to know that the medical malpractice case has merit. In this case, the fact that Dr. Richman did not actually and personally review any documentation before certifying that plaintiff's medical malpractice case was meritorious defeated the very purpose of MCL 600.2912d(1). And it was not merely an inadvertent mistake—it was an intentional misrepresentation of fact.

While the appropriate sanction for filing a deficient affidavit of merit is generally dismissal without prejudice, *Kirkaldy v Rim*, 478 Mich 581, 586; 734 NW2d 201 (2007), that sanction is not necessarily required in every circumstance involving an invalid affidavit of merit. And it is not necessarily required in a circumstance like this one where the affidavit is not merely deficient but deceptive. "A fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court." *Matley v Matley*, 242 Mich App 100, 101; 617 NW2d 718 (2000). We agree with the trial court that a fraud was perpetrated on the

court under the circumstances of this case, i.e., a material misrepresentation was made to the court by the filing of the particular affidavit of merit at issue. And plaintiff's counsel was not only complicit, but actually urged the misconduct by Dr. Richman—a medical and not a legal professional. Even on appeal plaintiff's counsel demonstrates a lack of understanding, arguing that "[j]ustice seeks equity, fairness, due process, and trust in our legal system. So many technical roadblocks stand in the way of justice." What? Clearly, so-called "technical roadblocks" cannot be overcome by claiming ignorance and perpetrating misconduct. The concept of an "affidavit" is not a difficult one to grasp. In any case, plaintiff is correct that dismissal with prejudice is the harshest sanction applied at law. We also acknowledge that such a sanction should be reserved for suitably egregious circumstances. And under the circumstances of this case—which does not involve a discovery violation—we conclude that the trial court did not abuse its discretion when it exercised its inherent authority and dismissed plaintiff's complaint with prejudice as a sanction for the fraud that was perpetrated on the trial court. See *Maldonado*, 476 Mich at 388. The trial court's decision was not outside the range of reasonable and principled outcomes. See *id*.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron